

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-13-204

| | |
|---|---|
| TRENTON HOLLEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** November 13, 2013<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-11-448]<br><br>HONORABLE CHARLES E. CLAWSON, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

A Faulkner County jury found Trenton Holley guilty of sexual assault in the second degree. He was sentenced to seventeen years in the Arkansas Department of Correction. Holley argues on appeal that the circuit court erred in denying his motion to suppress statements made during his custodial interrogation and that the circuit court erred in admitting certain evidence during the sentencing phase. We cannot decide the merits of Holley's appeal at this point because his brief and the record have not been prepared as the Arkansas Supreme Court Rules and the Administrative Orders of the Supreme Court require.

We first address Holley's brief. One problem is that his entire abstract is single spaced, which violates Ark. Sup. Ct. R. 4-1(a) (2013). Second, Holley has failed to abstract material portions of the pretrial hearings and the hearing that he notes in his argument. Ark. Sup. Ct. R. 4-2(a)(5) (2013). Third, Holley's argument section cites predominantly to the record and

not to the abstract and addendum as required by Ark. Sup. Ct. R. 4–2(a)(7).

Moreover, Holley's addendum does not include the audio CDs that were played to the jury. Rule 4–2(a)(8)(A)(i) requires that the addendum contain the CDs if they are essential to our understanding of the case. The CDs are essential to the understanding of this case and to this court's ability to make a decision on the merits. Furthermore, we have stated before that when an audio recording has been played to the jury and the recording relates to a point on appeal, then abstracting of the recorded testimony is deferred only if the recorded statement is completely incomprehensible. *Dillard v. State*, 2012 Ark. App. 503. There has been no such assertion by the parties in this case. This leads us to the record deficiency that requires a remand to settle the record.

In the absence of a proper waiver, Administrative Order No. 4(a) imposes a duty on the circuit court to require that a verbatim record be made of all proceedings pertaining to any contested matter before the court or the jury. Ark. Sup. Ct. Admin. Order No. 4(a) (2013). Therefore we remand this case to the circuit court to settle the record by requiring that a verbatim transcription be made of any audio recording that was played at trial. The record on appeal must be supplemented with the transcript of the audio material within thirty days of this opinion's date. *See Patton v. State*, 2013 Ark. App. 131; *Dillard*, *supra*. Holley must then include, in his substituted brief, an abstract of the transcribed audio recordings. *See Copeland v. State*, 2013 Ark. App. 369.

Finally, Holley's brief includes an "Appendix" in addition to his addendum. Our rules do not recognize appendices. Ark. Sup. Ct. R. 4-2. The appendix seems to consist of

unredacted transcripts of three audio exhibits that were played to the jury. But the transcripts in Holley's appendix are not in the record. We will not consider material outside of the record and this material must be removed from the brief. *See Lowe v. State*, 2012 Ark. 185.

We strongly encourage Holley—before filing a substituted brief—to review our rules and avoid any other deficiencies besides the ones we have pointed out. After the record is settled and the supplemental record has been filed in this court, Holley will have fifteen days to file a substituted brief. Ark. Sup. Ct. R. 4-2(b)(3). The State may revise or substitute its brief within fifteen days of the filing of Holley's substituted brief, or it may rely on its previously filed brief.

Remanded to settle and supplement the record; rebriefing ordered.

GRUBER and WHITEAKER, JJ., agree.

*Blagg Law Firm*, by: *Ralph Blagg* and *Nicki Nicolo*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.