

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–13–204

|  |  |
|---|---|
| TRENTON HOLLEY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** March 19, 2014<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-11-448]<br><br>HONORABLE CHARLES E. CLAWSON, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

Trenton Holley was found guilty by a Faulkner County jury of sexually assaulting his stepdaughter in the second degree. He was sentenced by the circuit court to seventeen years in the Arkansas Department of Correction. On appeal, Holley argues that the circuit court erred when it denied his motion to suppress. And there is an issue about evidence admitted during sentencing. We cannot decide the merits of Holley's appeal yet because his brief, and the record, remain deficient despite our prior effort to posture this case for a merits-based decision. *Holley v. State*, 2013 Ark. App. 668.

On the record deficiency, we need the transcripts that the court relied on and referenced in its 18 July 2012 suppression order. We also need unredacted audio recordings of the following events: one, the phone call between Holley and his wife that

Joni Clark recorded; two, the first time the police interviewed Holley; three, we need the second interview/custodial interrogation conducted between Holley and Joni Clark.

Holley's abstract fails to include Dusty Holley's testimony from the pretrial hearing; and it excludes material portions of the attorneys' arguments during the July 6 hearing. We need this information. In the forthcoming corrected abstract, Holley must include the supplemental record material that we mentioned above. Moving to the addendum, the forthcoming corrected one needs to include unredacted copies of the three audio recordings that we mentioned. Ark. Sup. Ct. R. 4-2(a)(8)(A)(i) (2013).

The State's brief is not without blemish: it cites directly to the record, which is improper. *Russell v. Russell*, 2012 Ark. App. 647, at 1 ("Appellee'[s] . . . brief refers to testimony by providing the page number of the record where the testimony may be found. This is in contravention of Arkansas Supreme Court Rule 4-2[.]"). If the State identifies deficiencies in an appellant's abstract or addendum, then it should place the information before this court in a manner prescribed by Rule 4-2 if it wants the omitted information considered; or the State may simply rely on the material the appellant's brief provides. Ark. Sup. Ct. R. 4-2(a)(7) and 4-2(b)(1).

The supplemental record must be compiled and filed within fifteen days of this opinion's date. Holley's substituted brief, abstract, and addendum are due within fifteen days after the supplemental record has been filed with this court's clerk. Ark. Sup. Ct. R. 4-2(b)(3). The State should then, if it chooses to respond to Holley's appellant's brief, file a compliant appellee's brief within fifteen days of the filing of Holley's second corrected brief.



Remanded to settle and supplement the record; rebriefing ordered.

WOOD and WHITEAKER, JJ., agree.

*Blagg Law Firm*, by: *Ralph Blagg* and *Nicki Nicolo*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.