

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-632

**Opinion Delivered** December 9, 2015

HERBERT WISE, INDIVIDUALLY,
HERBERT WISE, JR., D/B/A
WISE CUSTOM BUILT HOMES AND
WISE CUSTOM BUILT HOMES, LLC
                                    APPELLANTS

V.

JENNIFER M. HARPER
                          APPELLEE

APPEAL FROM THE MISSISSIPPI
COUNTY CIRCUIT COURT,
CHICKASAWBA DISTRICT
 [NO. CV-2014-10]

HONORABLE CHARLES BRENT DAVIS,
JUDGE

AFFIRMED IN PART; REVERSED AND
REMANDED IN PART

**LARRY D. VAUGHT, Judge**

Appellant Herbert Wise appeals the Mississippi County Circuit Court's September 19,

2014 default judgment against him, awarding appellee Jennifer Harper $6,000 in damages

and $2,000 in attorney's fees. Wise contends that the default judgment should be set aside

due to misrepresentation and that the damages award should be reversed because the

complaint did not specify an amount of damages sought, and the circuit court had no record

of any testimony or other evidence establishing damages. We affirm the entry of default

judgment against Wise, but we agree that evidence is necessary to determine the amount of

damages. Therefore, we reverse and remand as to the damages award.

Wise and Harper entered into a contract for the construction and purchase of a home

that Wise was to build on land he owned. The home was built and title was transferred to

Harper by warranty deed dated January 23, 2012. On January 21, 2014, Harper filed a

SLIP OPINION

complaint against Wise alleging negligence in failing to properly install electrical and plumbing components, which included some dirt work. The complaint did not specify the amount of damages sought but stated that it was an amount less than that required for diversity jurisdiction in federal court. The record reflects service of the summons and complaint on Wise on January 22, 2014, but proof of service was never introduced. It is undisputed that Wise did not file an answer. On September 19, 2014, the circuit court entered an order granting Harper a default judgment against Wise and awarding Harper $6,000 in damages and $2,000 in attorney's fees. No motion for default judgment had been filed prior to the default-judgment order. The order stated that the damages award was based on "statements regarding the repair of the septic system and other things necessary" from Jennifer Harper's husband, Brandon Harper.

Upon becoming aware of the default judgment, Wise filed a motion to set it aside on numerous grounds. He contacted the circuit court's court reporter to get a copy of the transcript of a damages hearing at which Brandon Harper testified but learned that, while court was in session that day, there had been no hearing in this case. There was no record of any testimony by Brandon Harper.

On May 8, 2015, the circuit court held a hearing on Wise's motion to set aside. Wise's attorney presented no evidence but argued that the complaint requested no specified amount of damages; therefore, proof of damages was required. He also argued that the complaint contained misrepresentations sufficient to set aside the default judgment and that Harper's husband had told him that no answer was necessary because they had worked out the dispute. The court denied the motion to set aside, and this timely appeal followed.



In *Lone v. Koch* we stated,

> An order denying a motion to set aside a default judgment is an appealable order, *see Marcinkowski v. Affirmative Risk Mgmt. Corp.*, 322 Ark. 580, 910 S.W.2d 679 (1995), which this court reviews for an abuse of discretion. *Nationwide Ins. Enter. v. Ibanez*, 368 Ark. 432, 246 S.W.3d 883 (2007). The abuse-of-discretion standard is "a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration." *Gulley v. State*, 2012 Ark. 368, at 10, 423 S.W.3d 569, 576.

*Lone*, 2015 Ark. App. 373, at 4, 467 S.W.3d 152, 155.

Wise makes several arguments on appeal as to why the default judgment should have been set aside. However, the only two issues that he raised below are that (1) there was misrepresentation in obtaining the judgment, and (2) there was insufficient proof of damages. Appellate courts will not address arguments raised for the first time on appeal. *Scroggins v. State*, 2012 Ark. App. 87, at 7, 389 S.W.3d 40, 45 (citing *Roston v. State*, 362 Ark. 408, 208 S.W.3d 759 (2005)).

Wise argues that, pursuant to Rule 55(c) of the Arkansas Rules of Civil Procedure, the default judgment should have been set aside due to misrepresentation. He alleges two types of misrepresentation: (1) the substantive allegations in the complaint, which he disputes; and (2) statements allegedly made by Harper's husband leading him to believe that the issue was resolved and that no answer was necessary. As to his claim that the substantive allegations contained in the complaint (the date of the deed, the extent of the warranty, the facts surrounding the alleged negligence) constituted misrepresentation sufficient to require the circuit court to set aside the default judgment, we disagree. Rule 55 allows the circuit court to set aside a default judgment for several reasons, including "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse

SLIP OPINION

party." Ark. R. Civ. P. 55(c) (2015). The fact that Wise disputes the factual allegations found in the complaint simply does not fall within this category. There is no basis for setting aside a default judgment simply because Wise wishes to dispute the substantive allegations underlying the claim.

Finally, we note that the only other fraud or misconduct alleged by Wise as a basis for setting aside the default judgment is the allegation that Harper's husband told Wise that filing an answer to the complaint was unnecessary because they had worked everything out. However, Wise never testified or offered any evidence of such a conversation to the circuit court. His attorney briefly mentioned it during argument below, and he fleetingly mentions it in his appellant's brief, but neither of those arguments are evidence. The circuit court had no evidence of fraud or misrepresentation before it. As a result, we see no error in the circuit court's finding that Harper did not engage in misrepresentation in obtaining the default judgment.

Wise next argues that, because there was not a specified amount of damages sought in the complaint and because this was not an action based on a verified statement of an account, proof of damages was required. We agree. When a default judgment is appropriate, all that is admitted is liability, not the amount of damages. *Gardner v. Robinson*, 42 Ark. App. 90, 854 S.W.2d 356 (1993). All of the plaintiff's material allegations are taken as true, but proof as to damages beyond nominal damages is necessary in order to determine the amount of the default judgment. *Id.*; *Kohlenberger, Inc. v. Tyson's Foods, Inc.*, 256 Ark. 584, 510 S.W. 2d 555 (1974).

Harper does not dispute Wise's contention that proof of damages was required; she simply claims that the language of the order is sufficient to establish that such proof existed. However, the court reporter has verified that, despite the language contained in the order to the contrary, no hearing was held or other on-the-record statement given in this case. No affidavit, declaration, deposition, or other proof of damages is contained in the record. Although the order states that it is based on the statements of Brandon Harper, we have no such statements to review. Therefore, either the default judgment was erroneously entered without proof of damages or the court relied on ex parte, off-the-record statements in violation of Arkansas Supreme Court Administrative Order No. 4(a). In the absence of a proper waiver, Administrative Order No. 4(a) imposes a duty on the circuit court to require that a verbatim record be made of all proceedings pertaining to any contested matter before the court or the jury. Ark. Sup. Ct. Admin. Order No. 4(a); *Holley v. State*, 2013 Ark. App. 668, at 2. In either case, we must reverse and remand to allow the circuit court to conduct an on-the-record hearing as to damages. However, we note that there is no dispute that Wise failed to answer, we have rejected his misrepresentation arguments, and he has not preserved any other argument attacking the default judgment. Therefore, the underlying default judgment was proper, and the only remaining issue to be settled on remand is the amount of damages. Where, as here, liability due to default has been established, a damages hearing is limited in scope, and Wise may not introduce evidence to defeat Harper's cause of action. *B&F Eng'g Inc. v. Controneo*, 309 Ark. 175, 830 S.W.2d 835 (1992).

Affirmed in part; reversed and remanded in part.

GRUBER and BROWN, JJ., agree.

 

*Jason W. Harris*, for appellant.

*Reid, Burge, Prevallet & Coleman*, by: *Richard A. Reid*, for appellee.