

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-15-659

| | |
|---|---|
| RAYMOND MORGAN and KATIE MORGAN<br>APPELLANTS<br><br>V.<br><br>BIG CREEK FARMS OF HICKORY FLAT, INC.<br>APPELLEE | **Opinion Delivered** February 24, 2016<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT<br>[NOS. CV-11-201, CV-14-190]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellants Katie and Raymond Morgan appeal the order of the Cleburne County Circuit Court denying their motion to set aside a default judgment that was entered against them in 2012. We find no error and affirm.

## I. *Background*

Appellee Big Creek Farms of Hickory Flat, Inc. ("Big Creek"), and the Morgans entered into a contract for the construction of a log home in Cleburne County. Construction commenced in 2008 and was completed in December 2009, at which time the Morgans still owed Big Creek $25,147.76 Although Big Creek attempted several times to collect the amount from the Morgans, the Morgans never paid the outstanding balance on the house. As a result, Big Creek filed a lawsuit against them on September 26, 2011.

SLIP OPINION

Despite repeated attempts, Big Creek was unable to obtain service on the Morgans either in person or by mail. After the circuit court granted a motion for extension of time to obtain service, Big Creek ultimately obtained service by warning order pursuant to Arkansas Rule of Civil Procedure 4(f). The Morgans never answered, and the circuit court granted Big Creek's subsequent motion for default judgment in April 2012.

The Morgans discovered the existence of the default judgment in 2013 and filed a motion to set it aside in November 2014. Big Creek responded, denying that the default judgment should be set aside. The court denied the Morgans' motion to set aside the default judgment. The Morgans timely filed a notice of appeal and now raise four arguments as set out below.

## II. *Standard of Review*

Default judgments are governed by Rule 55 of the Arkansas Rules of Civil Procedure. Rule 55(c) sets forth the circumstances pursuant to which a court may set aside a default judgment:

> The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Ark. R. Civ. P. 55(c) (2015).

The Morgans raise four arguments on appeal: (1) the default judgment was void for insufficiency of service of process under Rule 55(c)(2); (2) the extension of time for service

2

SLIP OPINION

obtained by Big Creek was improperly obtained under Rule 55(c)(3); (3) they were deprived of their due-process rights to notice of the lawsuit against them under Rule 55(c)(4); and (4) if the court concludes that the default judgment should be set aside for a reason other than being void, the Morgans had a meritorious defense to the lawsuit under Arkansas Rule of Civil Procedure 55(c).

In cases where the appellant claims that the judgment is void under Rule 55(c)(2), the appellate courts will review a trial court's denial of a motion to set aside default judgment using a de novo standard. *Nucor Corp. v. Kilman*, 358 Ark. 107, 118, 186 S.W.3d 720, 727 (2004). In cases where an issue arises under sections (c)(1), (3), or (4) of Rule 55, the trial court's denial of a motion to set aside default judgment is reviewed for abuse of discretion. *Id.*

### III. *Insufficiency of Service of Process*

In their first argument on appeal, the Morgans argue that the default judgment should have been set aside because it was void for insufficient service of process. Arkansas law is long settled that valid service of process is necessary to give a court jurisdiction over a defendant. *Shotzman v. Berumen*, 363 Ark. 215, 213 S.W.3d 13 (2005); *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001). It is equally well settled that statutory service requirements must be strictly construed and compliance with them must be exact because they are in derogation of common-law rights. *Shotzman*, *supra*; *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996). The supreme court has held that the same reasoning applies to service requirements imposed by court rules. *Nucor*, *supra*; *Carruth*, *supra*. As a result, default

judgments are void ab initio due to defective process regardless of whether the defendant had actual knowledge of the pending lawsuit. *Nucor, supra; Smith, supra.*

The Morgans challenge the sufficiency of service of process, raising three separate subheadings under this point: (1) there was no effective personal service pursuant to Arkansas Rule of Civil Procedure 4(d)(1); (2) there was no effective service by mail pursuant to Rule 4(d)(8); and (3) service by warning order pursuant to Rule 4(f) was deficient. Big Creek does not dispute that it was unable to effectuate service by either Rule 4(d)(1) or Rule 4(d)(8), and the circuit court found that service by warning order pursuant to Rule 4(f) was effective. The only issue before this court, therefore, is whether there was effective service by warning order.

The Morgans argue that service on them by warning order was deficient because Big Creek failed to conduct a "diligent inquiry" into their whereabouts. They maintain that Big Creek's actions in attempting to find or contact them were insufficient because the company's president knew Katie Morgan's phone number but failed to attempt to contact the Morgans to determine their current address prior to serving them by warning order. The Morgans thus contend that Big Creek did not conduct a diligent inquiry; therefore, the service by warning order was invalid, and the default judgment was void.

Service by warning order is governed by Arkansas Rule of Civil Procedure 4(f). This rule permits constructive service by warning order only if the whereabouts of the defendant are unknown "after diligent inquiry." A mere recitation in an affidavit that a diligent inquiry was made is not sufficient. *Scott v. Wolfe*, 2011 Ark. App. 438, at 7, 384 S.W.3d 609, 613.

The burden is on the moving party to demonstrate to the court that he actually attempted to locate the defendant. *Id*.; *Smith v. Edwards*, 279 Ark. 79, 648 S.W.2d 482 (1983).

Given this framework, we examine the steps taken by Big Creek in an attempt to obtain service on the Morgans. First, Big Creek attempted to obtain personal service upon the Morgans at their address of 160 Heigle Road, Tumbling Shoals, Arkansas ("the Heigle address"). The Cleburne County Sheriff's Department unsuccessfully attempted service at this address on four separate occasions. Although service was unsuccessful, the sheriff's department was able to discover information that the utility bills were being mailed to a Chester Morgan, whose address was 491 Woodruff 252, McCrory, Arkansas ("the McCrory address").

Second, Big Creek hired a private investigator, Jon Hopkins, to research Raymond Morgan's whereabouts. The investigation confirmed the McCrory address as a possible location to serve the Morgans.[1] Third, Big Creek attempted personal service at the McCrory address, where the Woodruff County Sheriff's Department unsuccessfully attempted service on three separate occasions. Next, Big Creek attempted to serve the complaint via certified mail, restricted delivery to addressee only, at the Heigle address. The mail was returned, marked "Return to Sender, No Such Number." Big Creek then mailed the complaint and summons to the Morgans at the Heigle address via first class mail; this mailing was likewise returned, marked "No Such Number."

---

[1] Hopkins discovered that a "Raymond Bankster" had recently filled out a credit application using Raymond Morgan's information. Hopkins also learned that "Raymond Bankster" was living at or using the McCrory address.

After pursuing these unsuccessful attempts to serve the Morgans, Big Creek obtained an extension of time in which to effectuate service. Eventually, Big Creek filed an affidavit for warning order, describing the attempts that had been made at service. The Cleburne County Circuit Clerk issued the warning order, and the order was published for two consecutive weeks in the Sun-Times, a Cleburne County newspaper. Big Creek mailed the affidavit, the warning order, and the complaint and summons to the Morgans at the Heigle address, return receipt requested with delivery restricted to addressee only, but this mail was returned marked "Return to Sender, No Mail Receptacle, Unable to Forward."

We hold that Big Creek conducted a diligent inquiry into the whereabouts of the Morgans sufficient to satisfy the constructive-service provision of Rule 4(f). The affidavits of the process servers and investigators establish that a diligent inquiry was conducted, and the affidavit for warning order reflected those efforts. We therefore conclude that service was properly effectuated by warning order.

The Morgans also argue, however, that the circuit court erred in finding that the Heigle address was their "last known address" for purposes of Rule 4(f). Rule 4(f)(2) provides that "[t]he party seeking judgment shall cause the warning order . . . to be mailed, with a copy of the complaint, to the defendant . . . at his or her last known address by any form of mail with delivery restricted to the addressee or the agent of the addressee." The Morgans complain that when the mail addressed to 160 Heigle Road was returned with a notation of "no such number," Big Creek should have then sent the warning order to the Morgans' "last

known address"—i.e., the McCrory address—and its failure to inform the court of this address constituted fraud.

On this issue, the circuit court found that the Heigle address was the Morgans' last known address. The court concluded that, while evidence did establish that utility bills were being sent to the McCrory address, there was no proof that the McCrory address was a forwarding address.[2] The circuit court's conclusions are supported by the evidence. The process servers' affidavits indicated only that utility bills were being mailed to the McCrory address, not that mail was being forwarded by the post office from the Heigle address to the McCrory address. Moreover, in their petition to set aside the default judgment, the Morgans admitted that they resided at 160 Heigle Road. In sum, the evidence introduced below supported the circuit court's decision that the Heigle address, not the McCrory address, was the Morgans' "last known address" for purposes of Rule 4(f). Accordingly, we conclude that the service by warning order was effectuated in compliance with Rule 4(f), and the subsequently entered default judgment was not void for want of service.

IV. *Motion for Extension of Time to Serve the Summons and Complaint*

In their second argument on appeal, the Morgans assert that the circuit court erred in granting Big Creek's motion for extension of time to obtain service for two reasons: (1) Big Creek failed to show good cause to obtain an extension, and (2) the order does not bear the signature of the circuit court judge.

---

[2] The circuit court found that if the McCrory address had truly been a forwarding address, the complaint and summons that had been mailed to the Heigle address would have been forwarded to the McCrory address, rather than returned to sender.

SLIP OPINION

Regarding good cause, the Morgans complain that Big Creek never told the circuit court that it "knew all along how to contact the Morgans in order to perfect service prior to the trial court issuing the order for extension of time." The circuit court never ruled on this argument, however, and it is therefore not preserved for appeal. *See Tillman v. Raytheon Co.*, 2013 Ark. 474, at 18, 430 S.W.3d 698, 709 (noting that it is an appellant's burden to obtain a ruling to preserve an issue for appeal, and the failure to do so precludes appellate review); *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116.

With respect to the order extending the time to serve the summons and complaint, the Morgans question the authenticity of the judge's signature thereon. The order was signed only with initials, and the Morgans argue that the handwriting of the initials does not match the actual signature of the judge, as reflected on other documents filed in the case. At the hearing on the petition to set aside the default judgment, the circuit court agreed that it did not appear to be the judge's signature on the order, but the court concluded that it had no proof that it was not the judge's signature or that the judge did not ask his trial-court assistant to sign it. The court therefore declined to find that the order was improper.

When a circuit court denies a petition to set aside a default judgment on the basis of fraud pursuant to Rule 55(c)(3), our standard of review is whether the circuit court abused its discretion. *Wise v. Harper*, 2015 Ark. App. 702, ___ S.W.3d ___. Here, the circuit court was presented with no evidence that the signature on the order was a forgery or that it had been fraudulently obtained. We are unable to say that the circuit court abused its discretion in concluding that the signature presented no basis for setting aside the default judgment.

V. *Due Process*

In their third argument on appeal, the Morgans contend that Big Creek failed to provide notice to them in such a manner that they received adequate notice according to the guarantees of due process provided by the United States and Arkansas Constitutions. A plaintiff's service of process on a defendant, or the defendant's waiver of service of process, is necessary in order to satisfy the due-process requirements of the United States Constitution. *Se. Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998). Here, as discussed above, Big Creek properly served the Morgans by warning order pursuant to Rule 4(f) of the Arkansas Rules of Civil Procedure. Accordingly, that service of process satisfied due process.

VI. *Meritorious Defense*

Finally, the Morgans assert that, in the event this court finds that the default judgment should have been set aside for a reason other than the judgment being void, they had a meritorious defense to the action. However, because we have concluded that there is no basis at all for setting aside the default judgment, it is immaterial whether the Morgans presented a meritorious defense. *See, e.g.*, *West v. West*, 103 Ark. App. 269, 272, 288 S.W.3d 680, 683 (2008) ("While it is true that defendants wishing to set aside default judgments must demonstrate a meritorious defense to the action, the defense in and of itself is not sufficient without first establishing one of the grounds laid out in Ark. R. Civ. P. 55(c).") (citing *McGraw v. Jones*, 367 Ark. 138, 238 S.W.3d 15 (2006); *So. Transit Co. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998); *Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996)). Accordingly, we do not consider this issue further.



Affirmed.

Kɪɴᴀʀᴅ and Hɪxsᴏɴ, JJ., agree.

*Thomas Law Firm*, by: *Albert J. Thomas III*, for appellants.

Grayson *& Grayson, P.A.*, by: *Melanie L. Grayson* and *Keith L. Grayson*, for appellee.