
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–16–482

| | |
|---|---|
| BRITTNEY G. YOUNG AND CAREY YOUNG<br><br>APPELLANTS<br><br>V.<br><br><br><br>JANE WELCH AND LARRY WELCH<br>APPELLEES | **Opinion Delivered** December 14, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-14-1413]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

This appeal involves a default judgment against appellants Brittney and Carey Young that was obtained by appellees Jane and Larry Welch. The Youngs filed a motion to set aside the default judgment, which the Pulaski County Circuit Dourt denied. The Youngs appeal, raising several points. We affirm.

### I. *Background*

The Welches wanted to build a home in North Little Rock, and they contracted with the Youngs for the construction. The Welches subsequently sued the Youngs for breach of contract, seeking damages of $58,143.[1] The Welches attempted to serve the Youngs with the

---

[1]The lawsuit also named Roy Treat as a defendant. Treat was served with the complaint and answered it, but the Welches ultimately dismissed him from the suit. He is not a party to this appeal.

summons and complaint. After repeatedly attempting personal service and being unable to find a forwarding address, the Welches filed an affidavit for warning order. The Pulaski County Circuit Clerk issued a warning order, which was published in the North Little Rock Times. After the Youngs failed to respond to the warning order, the Welches filed a motion for default judgment against the Youngs, which the circuit court granted. The order granting default judgment also awarded the Welches the damages they sought, as well as attorney's fees and interest.

After obtaining the default judgment, the Welches filed a writ of garnishment. In response to this collection attempt, the Youngs filed a motion to set aside the default judgment and motion to quash garnishments.[2] In their motion to set aside the default judgment, the Youngs alleged that the Welches failed to make a diligent inquiry into their whereabouts prior to obtaining service by warning order, as is required by Arkansas Rule of Civil Procedure 4(f)(1) (2015). The circuit court denied the motion, and the Youngs filed a timely notice of appeal.

## II.  *Standard of Review*

Default judgments are governed by Rule 55 of the Arkansas Rules of Civil Procedure. Rule 55(c) sets forth the circumstances pursuant to which a court may set aside a default judgment:

> The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)

---

[2] The circuit court denied the motion to quash garnishments. The Youngs have not appealed that denial.

the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Ark. R. Civ. P. 55(c) (2015).

On appeal, the Youngs argue that the circuit court erred in refusing to set aside the default judgment because they were not properly served pursuant to Rule 4 of the Arkansas Rules of Civil Procedure, making the default judgment void under Rule 55(c)(2). In cases where the appellant claims that the judgment is void under Rule 55(c)(2), the appellate courts will review a trial court's denial of a motion to set aside a default judgment using a de novo standard. *Nucor Corp. v. Kilman*, 358 Ark. 107, 118, 186 S.W.3d 720, 727 (2004).

### III. *Discussion*

Arkansas law is long settled that valid service of process is necessary to give a court jurisdiction over a defendant. *Shotzman v. Berumen*, 363 Ark. 215, 213 S.W.3d 13 (2005); *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001). It is equally well settled that statutory service requirements must be strictly construed and compliance with them must be exact because they are in derogation of common-law rights. *Shotzman, supra*; *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996). The supreme court has held that the same reasoning applies to service requirements imposed by court rules. *Nucor, supra*; *Carruth, supra*. As a result, default judgments are void ab initio due to defective process

regardless of whether the defendant had actual knowledge of the pending lawsuit. *Nucor*, *supra*; *Smith*, *supra*.

The Youngs advance numerous arguments in support of their contention that the circuit court erred in refusing to set aside the default judgment. For example, they argue that the notice of default judgment was not published in a newspaper having general circulation in a county where the action was filed; that Rule 4(f)(2) requires the party seeking default judgment to mail a copy of the complaint to the defendant at his or her last known address by any form of mail with delivery restricted to addressee; that the Welches did not put in their notice the specific wording of "default judgment" as required by Rule 4(f)(2); that the Welches did not file any documents that indicated they attempted to mail the Youngs the complaint by restricted delivery mail; that the answer filed by codefendant Roy Treat inured to the Youngs' benefit; and that a default judgment establishes only liability, not the extent of damages, and the Welches did not request or receive a hearing on their damages.

None of these arguments, however, was presented to the circuit court, and they are therefore not preserved for this court's review. *Wise v. Harper*, 2015 Ark. App. 702, 477 S.W.3d 565 (refusing to address arguments pertaining to the circuit court's refusal to set aside a default judgment where the arguments were being raised for the first time on appeal); *Morgan v. Century 21 Perry Real Estate*, 78 Ark. App. 180, 79 S.W.3d 878 (2002) (same).

The Youngs' sole argument that is preserved for appeal is their claim that the Welches failed to conduct a diligent inquiry into their whereabouts before serving them by warning order. Service by warning order is governed by Arkansas Rule of Civil Procedure 4(f)(1).

SLIP OPINION

That rule provides that, if it appears by the affidavit of a party seeking judgment or his attorney that, after diligent inquiry, the whereabouts of a defendant remains unknown, service shall be by warning order issued by the clerk. *See Scott v. Wolfe*, 2011 Ark. App. 438, 384 S.W.3d 609. A mere recitation in an affidavit that a diligent inquiry was made is not sufficient. *Morgan v. Big Creek Farms of Hickory Flat, Inc.*, 2016 Ark. App. 121, 488 S.W.3d 535. An affidavit will be deemed insufficient if it is conclusory or "contain[s] no indication of what steps were taken as part of the required 'diligent inquiry' as to the whereabouts" of a defendant. *XTO Energy, Inc. v. Thacker*, 2015 Ark. App. 203, at 9, 467 S.W.3d 161, 168. The burden is on the moving party to demonstrate to the court that he or she actually attempted to locate the defendant. *Morgan*, *supra* (citing *Smith v. Edwards*, 279 Ark. 79, 648 S.W.2d 482 (1983)).

Given this framework, we examine the steps taken by the Welches to serve the Youngs. The Welches employed Davis Process Service ("Davis") to serve the complaint and summons on the Youngs. According to the process server, the first attempt at service was made at 311 Commentry Way in Little Rock. On April 21, 2014, process server Michael Riegler reported to Davis that after many attempts, he had been unable to get anyone to answer the door at this address, even though a neighbor told Riegler that the house was occupied. On May 7, 2014, process server Jan Caple reported to Davis that she had likewise been unable to get anyone to the door, despite many attempts. Caple further stated that she was sure the house was occupied, because she had observed trash cans at the street and then later back at the house. Both Riegler and Caple left multiple voice messages at the phone

5

number provided to them, but neither ever received a call back from either defendant. Additionally, neither Riegler nor Caple ever saw a vehicle present at the Commentry Way address.

Davis documented its further attempts at service as follows:

On May 7, 2014 an FOI request for each defendant was forwarded to the 72223 Post Office; they were returned May 15, 2014 marked "Not known at address given."

Research performed by this office netted 2 possible previous addresses for the 2 defendants. On May 15, 2014 an FOI request for each defendant was forwarded to the 72190 Post Office for Post Office Box 95322. They were returned May 19, 2014 marked "Delivered as addressed, street address of boxholder is 912 Valley Creek Point, North Little Rock, AR 72116." On May 19, 2014 an FOI request for each defendant was forwarded to the 72116 Post Office for 912 Valley Creek Point address. They were returned marked "Moved, left no forwarding address."

Research performed by this office netted no other information that might aid in service of process.

Attached to the process server's document were copies of the FOI requests that had been sent to the postmasters.

This court recently found a similarly detailed affidavit to be legally sufficient in *Morgan*, *supra*. In that case, as in the instant one, the process servers provided affidavits setting out the numerous steps they had taken to find and serve the defendants at multiple addresses over the course of several months. We held that the plaintiff conducted a diligent inquiry into the whereabouts of the defendants sufficient to satisfy the constructive-service provision of Rule 4(f). *Morgan*, 2016 Ark. App. 121, at 6, 488 S.W.3d at 539. The affidavit in the instant case is likewise sufficient to demonstrate that the Welches conducted a diligent inquiry into the Youngs' whereabouts. Accordingly, we conclude that the service by warning

6

order was effectuated in compliance with Rule 4(f), and the subsequently entered default judgment was not void for want of service.

Affirmed.

VIRDEN and GLOVER, JJ., agree.

*Tona M. DeMers*, for appellants.

*Matthews, Sanders & Sayes, P.A.*, by: *William Roy Sanders* and *Gail O. Matthews*, for appellees.