Cite as 2020 Ark. App. 300

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-693

|  |  |
|---|---|
| | Opinion Delivered May 13, 2020 |
| JEREMY B. BATES | |
| APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-19-84] |
| V. | |
| | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| DAVID M. GILLIAM AND CHARLENE L. GILLIAM | |
| APPELLEES | AFFIRMED |

## BRANDON J. HARRISON, Judge

Jeremy Bates appeals the Garland County Circuit Court's grant of a default judgment to Charlene and David Gilliam. He argues that the damages award was not supported by the proper proof and that this court should remand for a hearing on damages, which was not held in the circuit court. We hold that Bates's argument is not properly before this court and affirm.

On 18 January 2019, the Gilliams filed a complaint against Bates to collect on the balance of a promissory note. The complaint alleged that Bates had entered into a promissory note in the amount of $47,633.75 with the Gilliams to secure a contract for sale of real property. The Gilliams alleged that Bates had stopped making payments in September 2018, leaving a balance of $39,041.96. They also alleged claims of breach of contract, quantum meruit, and conversion. The Gilliams sought the amount due on the promissory note, damages, pre- and postjudgment interest, and attorney's fees. Attached

to the complaint was the contract for sale of real property, the promissory note, and an insurance adjustor's report indicating damage to the property and the amount Bates had recovered from his insurance policy but had not applied to repair the property.

On 6 June 2019, the Gilliams moved for default judgment. The motion recited that Bates had been served on April 22, had not responded within thirty days, and was now in default. Attached to the motion were the same exhibits that had been attached to the complaint as well as a list of the cost of materials, labor, and travel required to repair the property. The circuit court entered a default judgment on June 10 and awarded the Gilliams a total of $119,008.72. On July 3, Bates filed a notice of appeal from the default judgment.

Arkansas Rule of Civil Procedure 55(a) (2019) provides that when a party against whom a judgment is sought fails to plead or otherwise defend as provided by the Rules of Civil Procedure, a judgment by default may be entered by the court. When reviewing a circuit court's decision to grant a default judgment pursuant to Ark. R. Civ. P. 55(a), we apply an abuse-of-discretion standard. *Layman v. Bone*, 333 Ark. 121, 967 S.W.2d 561 (1998).

On appeal, Bates concedes that the Gilliams are entitled to a judgment for liability due to his failure to file an answer. But, he argues, Arkansas law requires that a judgment for damages must be supported by an affidavit or sworn testimony, and that in this case, "[t]here is nothing in the record to indicate that the judgment was based on any sworn evidence of damages, either by affidavit, testimony, or deposition." So he asks this court to remand for the circuit court to convene a hearing on damages.

The Gilliams agree that no damages hearing was held but explain that Bates could not have been notified of a damages hearing, even if one had been held, because he had vacated the residence at which he was served and had not left a forwarding address or contacted the Gilliams or their attorney. They also contend that,

> [h]ad a formal damages hearing been held, the Gilliams would have testified as to the veracity of the attachments filed with their Motion for Default Judgment and no cross examination by the Bates [sic] would have occurred as he had moved again and left no forwarding address.
>
> The trial court examined the attachments to the Gilliams' Motion for Default and required a reduction in their Quantum Meruit claim. Not holding a damages hearing was an excusable error as there was no way to contact Bates due to his own actions.

We agree with Bates that proof of damages was required because this was not an action based on a verified statement of an account. *See, e.g., Wise v. Harper*, 2015 Ark. App. 702, 477 S.W.3d 565 (when a default judgment is appropriate, all that is admitted is liability, and proof as to damages beyond nominal damages is necessary in order to determine the amount of the default judgment). In this case, however, we cannot reach the merits of Bates's argument because he has failed to preserve it for appellate review.

In *Arkansas Department of Human Services, Office of Long Term Care v. Egbosimba*, 2019 Ark. App. 608, following a hearing on a complaint regarding Egbosimba's treatment of a patient, the Office of Long Term Care (OLTC) issued a decision placing Egbosimba, a licensed practical nurse, on the Adult and Long-Term Care Facility Resident Maltreatment Registry. Egbosimba appealed to the Pulaski County Circuit Court and was later granted a default judgment because OLTC failed to answer and failed to file the

3

record as required by law. OLTC appealed to this court, and we affirmed, holding that

OLTC had not preserved its arguments for appellate review.

> Here, OLTC failed to file a motion to set aside the default judgment, which would have been the proper recourse. In fact, OLTC did not answer, file the record, or otherwise respond to the action in any way prior to filing the notice of appeal in this case. Because OLTC did nothing in the circuit court, i.e., did not contest service or oppose the default judgment below, the issues on which OLTC appeals are not preserved for our review.

*Id*. at 1; *see also Wise*, *supra* (on appeal from default judgment, the appellate court declined

to address arguments not made to the circuit court below in a motion to set aside); *Teague*

*v. Axford*, 263 Ark. N-112 (1978) (on appeal from default judgment, supreme court did

not consider argument with respect to punitive damages because it was raised for the first

time on appeal). Based on these particular precedents, and the legion of cases over

decades of time that have implored lawyers to raise legal objections to circuit court

decisions with those courts first, and the fact that Arkansas does not have a plain-error

rule, we hold that Bates's argument is not preserved for our review and affirm.

Affirmed.

VIRDEN and VAUGHT, JJ., agree.

*Steven R. Davis*, for appellant.

*Ronald E. Darrow II*, for appellees.