Cite as 2021 Ark. App. 377

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV-20-518

| | |
|---|---|
| JOSEPH SCHWARTZ<br>APPELLANT<br><br>V.<br><br>MICHAEL COLE, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DORIS COULSON, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF DORIS COULSON<br>APPELLEE | **Opinion Delivered** October 6, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION<br><br>[NO. 60CV-19-473]<br><br>HONORABLE MARY SPENCER MCGOWAN, JUDGE<br><br>DISMISSED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Joseph Schwartz appeals the Pulaski County Circuit Court's grant of a default judgment awarding $18 million in damages to appellee Michael Cole arguing that the default judgment is void due to improper service and, in the alternative, that the award of damages is not supported by substantial evidence. We dismiss the appeal as premature.

On January 25, 2019, Cole, as personal representative of the estate of Doris Coulson, and on behalf of the wrongful-death beneficiaries, filed a wrongful-death action against Highlands of Little Rock Riley Holdings, LLC, d/b/a Hillview Post Acute and Rehabilitation Center (Highlands of Little Rock); Skyline Highland Holdings, LLC (Skyline); JS Highland Holdings, LLC (JS Highland); Joseph Schwartz; and Tara Payne, in her capacity as administrator of Hillview Post Acute and Rehabilitation Center in the Pulaski County Circuit Court.[1] In

---

[1]Joseph Schwartz is the only party to this appeal.

his complaint, Cole alleged the following causes of action against Highlands of Little Rock, Skyline, JS Highland, and Schwartz: negligence, medical malpractice, breach of the admission agreement, and deceptive trade practices. Cole also alleged negligence against Payne for her role as administrator of the nursing facility. Cole sought damages, both general and special, for the injuries Doris suffered caused by the defendants' alleged conduct; attorney's fees; and punitive damages to punish defendants for their egregious and malicious misconduct. Schwartz was served by certified mail, return receipt requested, restricted delivery signed for by Rose Schwartz, an occupant at a residence owned by Joseph Schwartz, on February 2; and on March 25 by again leaving the summons and complaint with Rose Schwartz.

All parties, including Schwartz, failed to answer Cole's complaint, and Cole moved for default judgment on May 19. In his motion for default judgment, Cole asserted that all defendants had been properly served, but none had filed a responsive pleading within thirty days as required and were now in default. According to Cole's motion, the defendants' responsive pleadings were due no later than April 28. On May 24, the circuit court entered a default judgment against Schwartz in accordance with Arkansas Rule of Civil Procedure 55(a).

On May 5, 2020, almost one year after the default judgment had been entered and following a hearing on damages, the circuit court entered a judgment awarding Cole a total of $18,201,247.25 in compensatory and punitive damages against Schwartz. On June 3, Schwartz moved to vacate the May 5 judgment. In his motion, Schwartz claimed that he never received the motion for default judgment or the subsequent order and that he did not appear at the March 2 hearing on damages because he was not aware of it. Specifically, he alleged that the judgment should be vacated for the following reasons: (1) he no longer owns the nursing home in question, and the current owner was supposed to continue the insurance coverage; (2) he

2

did not receive notice of the damages hearing or any other proceeding in the case; (3) he could not have received the notice of the damages hearing even if it was mailed; (4) he was led to believe that an Arkansas attorney was representing him when the notice of the damages hearing was filed and at the damages hearing itself; (5) he could not have attended the hearing on damages even with notice because of the short notice and his ill health; (6) he was at extremely high risk of contracting COVID-19 due to his poor health and could not have traveled to Arkansas; and (7) he would not have been able to attend the hearing even if he had been able to travel to Arkansas due to the need to self-quarantine for fourteen days after arrival from New York due to COVID-19. The circuit court never ruled on this motion to vacate the May 5 judgment.

Schwartz raises two arguments on appeal. First, he argues that we should apply a de novo standard of review and hold that the default judgment against him was void due to ineffective service of process; therefore, it should have been set aside. In the alternative, he contends that this court should reverse the May 5 judgment because it was not supported by sufficient and proper proof and remand the case for a new hearing on damages.

We hold that this direct appeal of the default judgment must be dismissed as premature. Schwartz moved to vacate the judgment, but the circuit court did not rule on the motion. Schwartz contends that the motion was deemed denied by operation of law when the circuit court failed to rule on the motion within thirty days. This is incorrect as the motion cannot be deemed denied under Arkansas law. *DePriest v. Carruth*, 334 Ark. 378, 379, 974 S.W.2d 471, 471 (1998) (stating that Ark. R. Civ. P. 55(c) provides the exclusive basis for moving to set aside a default judgment and does not include a deemed-denied provision.) Schwartz's motion to vacate alleged that the judgment was void for insufficient service of process. Service of

3

process is necessary in order to satisfy the due-process requirements of the United States Constitution. *Stewart v. Kuettel*, 2014 Ark. App. 499, 450 S.W.3d 672. Arkansas law requires valid service of process before a court can acquire jurisdiction over a defendant. *Thomas v. Robinson*, 2018 Ark. App. 550, 562 S.W.3d 905. We are a reviewing court, not a fact-finding court. The jurisdictional issue in the Schwartz's motion to vacate must be decided by the circuit court before the matter is final and appealable.

Schwartz's alternative argument regarding damages is premature at this time until the jurisdictional issue has been decided.

Dismissed.

KLAPPENBACH, J., agrees.

HARRISON, C.J., concurs.

**BRANDON J. HARRISON, Chief Judge, concurring**. I agree that this appeal as postured must be dismissed because there is, all things considered, no final and appealable order from the circuit court under Arkansas law. *See Bates v. Gilliam*, 2020 Ark. App. 300, 603 S.W.3d 583; *see also Ascentium Cap., LLC v. Marshall*, 2021 Ark. App. 94.

*Wallace, Martin, Duke and Russell, PLLC*, by: *Andrew J. Russell III*, for appellant.

*Reddick Moss, PLLC*, by: *Matthew D. Swindle* and *Heather G. Zachary*, for appellee.

4