
# ARKANSAS COURT OF APPEALS

### DIVISION IV
### No. CV–15–343

|  |  |  |  |
|---|---|---|---|

TERESA BLOODMAN

APPELLANT

V.

BANK OF AMERICA, N.A.

APPELLEE

**Opinion Delivered** February 3, 2016

APPEAL FROM THE SALINE COUNTY CIRCUIT COURT
[NO. 63CV-14-415-2]

HONORABLE GARY ARNOLD, JUDGE

AFFIRMED

## RITA W. GRUBER, Judge

This appeal arises from a default judgment entered against Teresa Bloodman in a foreclosure case. She appeals from the circuit court's denial of her motion to set aside the default judgment. All of the issues on appeal concern service, which was ultimately effected by a warning order. After conducting a de novo review, we affirm the circuit court's denial of Ms. Bloodman's motion to set aside its default judgment.

On October 2, 2009, Fannie Mae executed a Special Warranty Deed conveying the subject property located at 5528 Lexington Avenue in Hurricane Lake Estates in Benton to Ms. Bloodman.[1] That same day, Ms. Bloodman obtained a mortgage from One Bank and

---

[1]The legal description contained in the deed provides as follows:

Lot 6, Hurricane Lake Estates, Phase IV, an addition to the City of Benton, Saline County, Arkansas, together with ingress and egress easements as set forth on plat filed as Document No. 04 97943; correction plat filed as Document No. 04 103235, records of Saline County, Arkansas.

Commonly known as: 5528 Lexington Avenue, Benton, AR 72019

Trust by executing a Deed of Trust in favor of One Bank. One Bank later assigned the mortgage to appellee, Bank of America, N.A., pursuant to an Assignment Deed of Trust. Although the Special Warranty Deed contained the correct legal description, both the Deed of Trust and the Assignment Deed of Trust contained an error: Hurricane was misspelled as "Hurrican."

Ms. Bloodman defaulted on her mortgage in January 2011 and made no further payments. Bank of America accelerated the loan and on July 15, 2014, filed a complaint for reformation and foreclosure: for reformation of the legal description to spell Hurricane correctly and for judgment in personam against Ms. Bloodman and in rem against the subject real property.

Bank of America attempted to serve Ms. Bloodman by several methods. First, a process server attempted personal service at the address of the subject property in Hurricane Lake Estates. The process server testified that, although the "standard" number of attempts is three, she made five attempts: Saturday, July 19, 2014, at 10:00 a.m.; Thursday, July 24, 2014, at 9:00 p.m.; Monday, July 28, 2014, at 8:00 a.m.; Tuesday, July 29, 2014, at 8:00 p.m.; and Saturday, August 2, 2014, at 4:00 p.m. Counsel for Bank of America also attempted service by certified mail to the post office box in Maumelle listed by Ms. Bloodman, a licensed attorney, on her pleadings and with the clerk of the Arkansas Supreme Court. The mailing was returned "UNCLAIMED."

When none of these attempts proved successful, counsel for Bank of America filed an affidavit for warning order, stating that they had "made diligent inquiry" and that Ms. Bloodman was no longer a resident at her last known address of 5528 Lexington Avenue in

Benton. They stated that five unsuccessful attempts had been made to serve Ms. Bloodman at 5528 Lexington Avenue, Benton, AR 72019; that service had been attempted by certified mail to the Maumelle post office box; and that "Defendants' present addresses are unknown." Proof of service from the five attempts in the form of certified mail manifests and returned mail were attached as exhibits. The court entered a warning order on September 19, 2014, setting forth the correct legal description of the property (without the misspelled word "Hurrican"), warning Teresa Bloodman, current spouse of Teresa Bloodman, and occupants of 5528 Lexington Avenue to appear and answer Bank of America's complaint within thirty days of publication or face entry of default judgment. The warning order was published in the Saline Courier on September 26, 2014, and October 3, 2014, and mailed to Ms. Bloodman via certified mail at the Maumelle post office box, the subject property, and a prior residential address in Maumelle that Bank of America had located in its files. The mailings to the first two addresses were returned "UNCLAIMED," and the mailing to the prior Maumelle address was returned "REFUSED." On December 29, 2014, the circuit court entered a default judgment in the case.

On January 12, 2015, Ms. Bloodman, appearing pro se, filed a motion to set aside the default judgment. She alleged that January 8, 2015, was the first time that she had been apprised of the foreclosure action, when a copy of the order was mailed to her post office box—the post office box to which all previous mailings had been sent. She contended that the warning order was facially defective because Hurricane was properly spelled in the order and thus the order did not set forth the "correct" legal description; that she was not personally or properly constructively served as required by Rule 4(f) of the Arkansas Rules

3

of Civil Procedure because the affidavit for the warning order did not state that Ms. Bloodman's "whereabouts" were unknown; and various other alleged deficiencies not at issue on appeal.

After a hearing, the circuit court denied Ms. Bloodman's motion to set aside the default judgment, finding that Bank of America demonstrated that it had made sufficient, diligent inquiry into her whereabouts in accordance with Ark. R. Civ. P. 4(f)(1); that the affidavit for warning order was sufficient and in accordance with Rule 4(f)(1); that the warning order provided the correct legal description as set forth in the deed vesting title in Ms. Bloodman and that it was sufficient to give notice of the property that was the subject of the lawsuit to all parties; that the legal description contained in the Deed of Trust and Assignment of Deed of Trust contained a scrivener's error; and that the warning order and service thereof were sufficient and in accord with Rule 4 of the Arkansas Rules of Civil Procedure. Finally, the court stated that, in order to set aside a default judgment, the party seeking to have it set aside must establish grounds for setting aside the judgment and demonstrate a meritorious defense. The court found that Ms. Bloodman had failed to introduce testimony regarding a meritorious defense.

Default judgments are governed by Rule 55 of the Arkansas Rules of Civil Procedure. Rule 55(c) sets forth the circumstances pursuant to which a court may set aside a default judgment.

> (c) *Setting Aside Default Judgments.* The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the

judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Ark. R. Civ. P. 55(c) (2015).

Our standard of review for an order denying a motion to set aside a default judgment depends on the grounds upon which the appellant claims the default judgment should be set aside. In cases in which the appellant claims that the default judgment is void, our review is de novo, and we give no deference to the circuit court's ruling. *Steward v. Kuettel*, 2014 Ark. 499, at 7, 450 S.W.3d 672, 676. In all other cases, we review an order denying a motion to set aside default for abuse of discretion. *Id.*

Ms. Bloodman's first two arguments concern allegations of insufficient service of process. Default judgments are void *ab initio* due to defective process regardless of whether the defendant had actual knowledge of the pending lawsuit; thus, we review these arguments de novo. *See Nucor Corp. v. Kilman*, 358 Ark. 107, 119, 186 S.W.3d 720, 727 (2004). Her first argument is that the warning order was improper because it contained "an incorrect legal description of the subject property." Rule 4(f) states that the warning order shall include, "if applicable, a description of the property or other res to be affected by the judgment."

In this case, the warning order did include a description of the property to be affected by the judgment. The property to be affected by the foreclosure suit was in fact in "Hurricane Lake Estates," as stated in the warning order, and not in "Hurrican Lake Estates." The warning order contained the correct legal description that was provided in the Special Warranty Deed conveying the property to Ms. Bloodman rather than the incorrect legal description provided in the Deed of Trust and Assignment of Deed of Trust. We simply

5

cannot agree with Ms. Bloodman that Bank of America should have published the incorrect property description, and she cites no relevant legal authority for such a proposition.

For her second point on appeal, Ms. Bloodman contends that the circuit court erred in failing to set aside the default judgment because Bank of America failed to make a diligent inquiry that her whereabouts were unknown. Rule 4(f)(1) authorizes a warning order to be issued if it appears from the affidavit for warning order that "after diligent inquiry, the identity or whereabouts of a defendant remains unknown." Ark. R. Civ. P. 4(f)(1) (2015). Ms. Bloodman argues that Bank of America failed to specifically use the word "whereabouts" in its affidavit, causing the affidavit and the court's issuance of the warning order to be in error. The cases she relies on to support her proposition simply do not. *See Gilbreath v. Union Bank*, 309 Ark. 360, 830 S.W.2d 854 (1992) (holding requisite diligent inquiry not made where appellant did not conclude in his affidavit that "the location" of defendant was unknown); and *Jackson v. Jackson*, 81 Ark. App. 249, 100 S.W.3d 92 (2003) (reversing where warning order was issued without either personal service having been unsuccessfully attempted first or an affidavit having been filed).

Whereabouts is defined as "[t]he general locale where a person or thing is." *Black's Law Dictionary* 1626 (8th ed. 2004). It logically includes the location of a person or his address. Bank of America's affidavit stated that it had made "diligent inquiry" and that Ms. Bloodman and "Occupants" of the subject property were "no longer resident at their last known address of 5528 Lexington Avenue, Benton[.]" The affidavit then stated that five personal-service attempts had been made at that address and that the property had continually been unoccupied. The affidavit also stated that service by certified mail had been attempted

to the post office box in Maumelle. Finally, the affidavit stated that "the Defendants' present addresses are unknown." We agree with the circuit court that this affidavit satisfies the requirements of Rule 4(f)(1) and that the absence of the word "whereabouts" in the affidavit did not invalidate the warning order.

Ms. Bloodman also argues that Bank of America did not conduct a diligent inquiry because it did not contact the Arkansas Supreme Court Clerk for her information or take advantage of the federal and state case-management system to determine her whereabouts. Without deciding whether a party is required to "chase down" a defendant who happens to be an attorney at the various courts in which she might be practicing, we note that the contact information used by Ms. Bloodman on her brief to this court and the address listed with the clerk of our supreme court is the exact post-office-box address used by Bank of America to attempt service and where she claims to have first been apprised of the foreclosure suit by receiving a copy of the default judgment. Ms. Bloodman offered no evidence of any other address, location, or post office box that should have been used by Bank of America. We agree with the circuit court that Bank of America demonstrated that it conducted a sufficient, diligent inquiry into Ms. Bloodman's whereabouts in accordance with Rule 4(f)(1).

Finally, Ms. Bloodman argues that the service was defective and was acquired by deliberate misrepresentation of material fact and fraud because Bank of America did not determine her whereabouts prior to filing the affidavit for warning order. Thus, she argues, the default judgment should be set aside under Rule 55(c)(3) or (4) for fraud or misrepresentation or for any other reason justifying relief. We review the court's refusal to

set side the default judgment under these provisions for abuse of discretion. For the reasons already set forth above regarding diligent inquiry and "whereabouts," we hold that the circuit court did not abuse its discretion in denying the request to set aside the default judgment for fraud or any other reason. Moreover, Ms. Bloodman failed to present a meritorious defense to the action.

For these reasons, we affirm the circuit court's denial of Ms. Bloodman's motion.

Affirmed.

KINARD and GLOVER, JJ., agree.

*Teresa Bloodman*, pro se appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Tasha C. Taylor* and *Andrew M. Taylor*, for appellee.