

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-17-21

| | |
|---|---|
| JERRY MICHAEL SELF<br><br>APPELLANT<br><br>V.<br><br>STEPHEN C. HUSTEAD AND RUTH L. HUSTEAD<br><br>APPELLEES | **Opinion Delivered** May 24, 2017<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CV-08-3022]<br><br>HONORABLE DOUG MARTIN, JUDGE<br><br>REVERSED AND REMANDED |

## LARRY D. VAUGHT, Judge

On April 1, 2009, the Washington County Circuit Court entered a default judgment against Jerry Michael Self in a breach-of-contract case brought by Stephen and Ruth Hustead ("the Husteads"). In 2016, Self moved to set aside the default judgment, and the circuit court denied his motion. On appeal, Self contends that the trial court erred in denying the motion, arguing that the default judgment was void due to defective constructive service, which had been effectuated by a warning order. After conducting a de novo review, we agree and reverse and remand the circuit court's order denying Self's motion to set aside the default judgment.

In August 2007, the Husteads and Self entered into a one-year agreement, whereby Self agreed to pay monthly rent to lease the Husteads' house in Huntsville, Arkansas. In February 2008, Self moved out of the Husteads' house. On August 14, 2008, the Husteads filed a

complaint against Self seeking damages for breach of the lease.[1] In December 2008, the

Husteads requested and were granted an extension of time for service of process. In January

2009, the Husteads' attorney filed an affidavit for warning order that stated:

> Comes now J. David Zurborg, Attorney for Plaintiffs, and upon his Oath states as follows:
>
> 1. That I have made diligent inquiry and that it is my information and belief that the Defendant Jerry Michael Self's last known address was 3203 McDonald Avenue, Springdale, Washington County, Arkansas 72762.
>
> 2. Personal service upon Defendant was unsuccessfully attempted by Carolyn Williamson, licensed process server at said address.
>
> 3. That the Clerk of this Court should forthwith issue a Warning Order directing the defendant to appear and show cause, if any, why the relief prayed for by the Plaintiffs should not be granted.

A warning order was issued by the court on January 2, 2009, and published in the newspaper

thereafter. On April 1, 2009, the circuit court issued an order for default judgment against Self

in the amount of $27,442.89, plus costs and attorney's fees.

In June 2016, the Husteads petitioned the court for a contempt citation and an order

to appear based upon Self's failure "to obey" the order of default judgment. The circuit court

entered an order to appear and show cause on June 27, 2016, and set the matter for a hearing

on July 28, 2016.

On July 28, 2016, prior to the show-cause hearing, Self filed a motion to set aside the

default judgment. Among other reasons not at issue on appeal, Self argued that the default

---

[1]The Husteads alleged that they sustained damages in the amount of $27,442.89, which constituted unpaid rent and damages to the home beyond normal wear and tear.

judgment was void pursuant to Arkansas Rule of Civil Procedure 55(c)(2)[2] because it was "unclear that service by warning order was appropriate under the circumstances then present." Self later argued that he had no knowledge of the Husteads' lawsuit, the default judgment, or the show-cause hearing until July 21, 2016. Self filed a renewed motion to set aside the default judgment on August 19, 2016, and attached his affidavit that stated that he had advised the Husteads that he was vacating their home in February 2008; that since that time he had been living in Rogers, Arkansas, although he had worked in Van Buren and Fayetteville; that he had never lived on a street named "McDonald" in his entire life; and that the Husteads' real-estate agent called and talked to him on his cell phone shortly after he left the Husteads' home.

On August 26, 2016, Self filed a second renewed motion to dismiss, arguing that the Husteads' affidavit for warning order failed to satisfy Arkansas Rule of Civil Procedure 4(f)(1). He submitted a second affidavit, stating that from the time he left the Husteads' home in 2008 until 2012, he had lived at 2614 Everest Avenue, Rogers, AR; from 2012 to 2013, he had lived at #68B Wellington Circle, Rogers, AR; and from 2013 to the present, he lived at 4103 W. Seneca Road, Rogers, AR. He reiterated that neither he nor any of his family members had lived on a street named "McDonald." He stated that after he had moved out of the Husteads' home, he had worked as a general manager at an automobile dealership and currently worked as a real-estate agent. On October 6, 2016, the circuit court denied Self's motion to set aside the default judgment. Self timely appealed.

---

[2]Rule 55(c) provides that the circuit court may set aside a default judgment if the judgment is void. Ark. R. Civ. P. 55(c)(2) (2016). If the judgment is void, the party seeking to have the judgment set aside is not required to demonstrate a meritorious defense to the action. *Id.*

Our standard of review for an order denying a motion to set aside a default judgment depends on the grounds on which the appellant challenges the default judgment. In cases in which the appellant claims that the default judgment is void, our review is de novo, and we give no deference to the circuit court's ruling. *Bloodman v. Bank of Am., N.A.*, 2016 Ark. App. 67, at 5, 482 S.W.3d 340, 343. Because Self's argument on appeal concerns allegations of insufficient service of process, and default judgments are void ab initio due to defective process, we review Self's appeal de novo. *Id.*, 482 S.W.3d at 343.

Self argues on appeal that the circuit court erred in failing to set aside the default judgment because it was void for insufficient service of process. More specifically, he contends that the Husteads failed to strictly comply with Arkansas Rule of Civil Procedure 4(f)(1), which governs service by warning order. He argues that the Husteads failed to conduct a diligent inquiry into his whereabouts and that just stating that their attorney made a diligent inquiry is not sufficient. Citing Arkansas Code Annotated section 16-65-108,[3] Self argues that because the default judgment is void, all proceedings resulting from the default judgment are also null and void.

Arkansas law is long settled that valid service of process is necessary to give a court jurisdiction over a defendant. *Morgan v. Big Creek Farms of Hickory Flat, Inc.*, 2016 Ark. App. 121, at 3, 488 S.W.3d 535, 538 (citations omitted). It is equally well settled that statutory service requirements must be strictly construed and compliance with them must be exact because they

---

[3]The Husteads argue that Self did not cite or argue section 16-65-108 below, and therefore, his argument on appeal is not preserved. Self's primary argument to the circuit court, and his sole point on appeal, was that the Husteads failed to effectuate constructive service on him pursuant to Arkansas Rule of Civil Procedure 4(f); therefore, the default judgment is void pursuant to Rule 55(c). This argument is preserved.

are in derogation of common-law rights. *Id.*, 488 S.W.3d at 538 (citations omitted). The supreme court has held that the same reasoning applies to service requirements imposed by court rules. *Id.*, 488 S.W.3d at 538 (citations omitted).

Rule 4(f)(1) authorizes service by warning order if it appears from the affidavit of a party or his or her attorney that, "after diligent inquiry, the identity or whereabouts of a defendant remains unknown." Ark. R. Civ. P. 4(f)(1). We have stated that Rule 4(f) requires more than a conclusory affidavit stating that a diligent inquiry had been made in order to have valid service by publication. *XTO Energy, Inc. v. Thacker*, 2015 Ark. App. 203, at 9, 467 S.W.3d 161, 167 (citations omitted). A mere recitation in an affidavit that a diligent inquiry was made is not sufficient. *Id.* at 9, 467 S.W.3d at 168 (citations omitted). The burden is on the moving party to demonstrate to the court that he or she actually attempted to locate the defendant. *Morgan*, 2016 Ark. App. 121, at 5, 488 S.W.3d at 539 (citations omitted).

In *Gilbreath v. Union Bank*, 309 Ark. 360, 363–64, 830 S.W.2d 854, 856 (1992), our supreme court held that the appellant failed to constructively serve the appellee where the appellant's warning-order affidavit failed to state that, after making diligent inquiry, the appellee's whereabouts were unknown. All that was included in the affidavit was the defendant's last-known address; the appellant did not conclude in the affidavit that the location of the appellee was unknown. *Id.* at 364, 830 S.W.2d at 857–58.

Likewise, in *XTO Energy, Inc.*, our court held that an affidavit for warning order was insufficient because it was conclusory and contained no indication of what steps had been taken as part of the required "diligent inquiry" as to the whereabouts of the defendant or his heirs. 2015 Ark. App. 203, at 9–10, 467 S.W.3d at 168. The affidavit stated that "after diligent

inquiry the identity or whereabouts of the following named defendants is unknown[.]" *Id.* at 3, 467 S.W.3d at 165.

In *Billings v. U.S. Bank Nat'l Ass'n*, 2016 Ark. App. 134, 484 S.W.3d 715, our court reversed and remanded the circuit court's denial of the appellant's motion for reconsideration of his motion to vacate a default judgment, claiming insufficient service of process. There, the warning-order affidavit stated that after the appellee's diligent inquiry, it was determined that the appellants were no longer at their last-known address and that their present addresses were unknown. *Id.* at 1–2, 484 S.W.3d at 716.

The Arkansas Supreme Court addressed a similar issue in *Smith v. Edwards*, 279 Ark. 79, 81, 649 S.W.2d 482, 493 (1983). There, the supreme court affirmed the circuit court's finding that the constructive service of a cross-complaint was defective under Rule 4(f). The warning-order affidavit recited the standard phrase that the location of the appellee was unknown "after a diligent and reasonable inquiry." 279 Ark. at 82, 648 S.W.2d at 484. In affirming, our supreme court pointed out several ways in which the location of the appellee could have been determined, which supported the circuit court's finding that appellant failed to make a diligent inquiry to locate the appellee. *Id.* at 83, 648 S.W.2d at 484.

In contrast, in the cases where constructive service was held to be proper, additional information about the efforts taken to locate the defendant was provided in the warning-order affidavits. In *Bloodman*, 2016 Ark. App. 67, at 7, 482 S.W.3d at 344, the affidavit for warning order provided that the appellant was no longer a resident at her last-known address; that five personal-service attempts had been made at that address; and that the property had continually been unoccupied. The affidavit also stated that service by certified mail had been attempted

to the post office box listed by appellant, a licensed attorney, on her pleadings and with the clerk of the Arkansas Supreme Court. Finally, the affidavit stated that the appellant's present address was unknown. *Id.* at 6–7, 482 S.W.3d at 344–45.

In *Morgan*, the warning-order affidavit described four failed attempts at personal service by the sheriff's department at the appellants' last-known address; provided that the appellee then hired a private detective and learned of a possible second address of the appellants; described three failed attempts at personal service by the sheriff's department at the second address;[4] and described unsuccessful attempts to serve the complaint via certified mail, restricted delivery to addressee only, at both the first and second addresses. *Id.* at 5–6, 488 S.W.3d at 539.

Lastly, in *Morgan v. Century 21 Perry Real Estate*, 78 Ark. App. 180, 79 S.W.3d 878 (2002), the appellee's agent signed an affidavit for warning order that stated, "According to the best information I have, from an investigation of the matter, the best known address of [appellant] is P.O. Box 413, Wickes, AR 71973[.]" Also, the agent testified that he called the post office to see if there was a forwarding address for the appellant, there was not, and he knew that the appellant had left the area. *Id.* at 184, 79 S.W.3d at 881. Further, the appellant testified that he left town, left no forwarding address, went to Alaska where he had no permanent address, did not check his mail, and had no one check it for him. *Id.*, 79 S.W.3d at 881. In that case, we held that there was no indication that the appellee failed to use available information or even that the appellant's whereabouts could have been ascertained. *Id.*, 79 S.W.3d at 881.

---

[4]Affidavits of the process servers and private investigator were included in the record.

Given this framework, we hold that the Husteads' affidavit for warning order failed to satisfy the requirements of Rule 4(f). The affidavit stated that their attorney made a "diligent inquiry"; however, this statement is conclusory as no details are included to describe what the diligent inquiry was. The affidavit stated that Self's last-known address was on McDonald Avenue, but there were no details explaining from where that information had come. Self stated in his affidavit that neither he nor any family member had ever lived at that address. While the affidavit states that personal service on Self was unsuccessfully attempted at the McDonald Avenue address, it lacks any facts to establish that Self ever lived there.

Further, the affidavit failed to state that diligent inquiry led the Husteads to believe that Self's whereabouts were unknown, which is required by Rule 4(f). And here, the record reveals that the Husteads failed to use available information to locate Self. The Husteads' real-estate agent had Self's cell-phone number. When Self moved from the Husteads' home in Huntsville, Arkansas, he moved to Rogers, Arkansas, a neighboring town less than forty miles away. After moving from the Husteads' home, Self had jobs wherein he serviced the general public.

Based on our de novo review, we hold that the Husteads failed to demonstrate in the warning-order affidavit that they conducted a sufficient, diligent inquiry into Self's whereabouts in accordance with Rule 4(f)(1). Accordingly, we reverse and remand the circuit court's order denying Self's motion to set aside the default judgment.

Reversed and remanded.

HARRISON and BROWN, JJ., agree.

*Daily & Woods, P.L.L.C.*, by: *C. Michael Daly*, for appellant.
*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *Sarah L. Waddoups* and *Ed McClure*, for appellees.