BRANDON J. HARRISON, Judge
Travis Thomas asks this court to conclude that the circuit court erred when it entered a default judgment against him because the court never acquired jurisdiction over the personal-injury complaint that Phyllis and Sylvester Robinson filed against him. The jurisdiction question itself turns on whether the Robinsons satisfied *907 the service-by-warning-order process prescribed by Arkansas Rule of Civil Procedure 4(f)(1) (2017). If they did not satisfy the rule, then the court never acquired jurisdiction over Thomas. If the court did not acquire jurisdiction, then it could not have entered a valid default judgment against him.
On 21 September 2016, the Robinsons filed a complaint against Jaylan Haskin and Travis Thomas. (Jaylan Haskin was dismissed from the case and is not a party to this appeal.) A summons was prepared that same day. In January 2017, the Robinsons moved for more time to serve legal process and explained that the summons had been "diligently provided to a process server who has diligently attempted to obtain service but cannot locate that Defendant." They asked for an additional 120 days to serve Thomas, which the court granted. On January 25, the Robinsons' counsel filed an affidavit for warning order that stated:
1. I am attorney for the Plaintiff and am licensed to practice law in the State of Arkansas.
2. Plaintiffs engaged the services of a process server to obtain service on Defendant. The professional process server attempted service on numerous occasions but has been unable to locate the Defendant. See attached Exhibit A, non-est return of service.
3. After a diligent inquiry, the whereabouts of the Defendant, Travis Thomas, remain unknown.
4. Therefore, a Warning Order should be issued for this Defendant and duly published.
The record reflects, and the parties do not dispute, that no exhibit was filed with the affidavit although paragraph 2 indicated that an exhibit was attached to the affidavit.
In due course the clerk issued a warning order. Thereafter, the Robinsons filed a second affidavit that recited (1) the warning order had been published in the time and manner required by law, and (2) a restricted-delivery mailing of the summons, complaint, and warning order to Thomas's last-known address had been "returned to sender" marked as "attempted-not known" and "unable to forward."
After Thomas did not answer the complaint within thirty days of the warning order's first publication, the Robinsons moved for a default judgment against Thomas and asked the circuit court to find Thomas liable for the reasons alleged in the complaint. The court entered a default judgment. Thomas answered the Robinsons' complaint (in early October 2017) and denied that he acted negligently or caused any harm to the Robinsons.
The Robinsons moved to strike Thomas's answer as untimely. Thomas then moved to set aside the default judgment, citing insufficient service of process. He specifically argued that the Robinsons did not make the obligatory diligent inquiry into his whereabouts as Ark. R. Civ. P. 4(f) requires. He pointed out that the affidavit failed to provide details of the attempted service effort, including the address or addresses at which service was attempted; nor did the affidavit explain any further attempts to locate Thomas. The Robinsons stood on the affidavit but attached to their response the return of service in which the process server stated, "Non-Est unable to locate defendant. Last known addresses which were no longer good were 66 Cypress Dr. Pine Bluff AR 71603 and 4400 Union Ave Apt 9 Pine Bluff Arkansas. No other addresses were found for the defendant."
The circuit court held a hearing in early December 2017, denied Thomas's motion to set the default judgment aside, and *908 scheduled a hearing on damages. The court also granted the Robinsons' motion to strike Thomas's answer. On December 11, Thomas filed a motion to reconsider, which the court denied. Thomas timely appealed the proper orders.[1]
Default judgments are governed by Rule 55 of the Arkansas Rules of Civil Procedure. Rule 55(c) sets forth the circumstances pursuant to which a court may set aside a default judgment:
The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.
Ark. R. Civ. P. 55(c) (2017). Thomas argues that the circuit court erred in striking his answer and refusing to set aside the default judgment because he was not properly served pursuant to Rule 4 of the Arkansas Rules of Civil Procedure. A service error would void the default judgment. When deciding whether a default judgment should have been set aside based on a jurisdictional defect, we review the circuit court's decision using a de novo standard of review. See Nucor Corp. v. Kilman , 358 Ark. 107, 186 S.W.3d 720 (2004) ; Self v. Hustead , 2017 Ark. App. 339, 525 S.W.3d 33.
Arkansas law requires valid service of process before a court can acquire jurisdiction over a defendant. Morgan v. Big Creek Farms of Hickory Flat, Inc. , 2016 Ark. App. 121, 488 S.W.3d 535. It is also well accepted that the service requirements must be strictly construed and compliance with them must be exact. Id.
Rule 4(f)(1) authorizes service by warning order if it appears from the affidavit of a party or his or her attorney that "after diligent inquiry, the identity or whereabouts of a defendant remains unknown." Ark. R. Civ. P. 4(f)(1). Affidavits that do not sufficiently recite the steps taken to conduct the required "diligent inquiry" fail under Rule 4. See XTO Energy, Inc. v. Thacker , 2015 Ark. App. 203, 467 S.W.3d 161. In other words, the party seeking to serve legal process using the warning-order method must provide enough detail-in the required diligent-inquiry affidavit-about the steps that were taken to locate the defendant and complete service; and the details, whatever they may be from case to case, must themselves demonstrate that a party has diligently tried to locate the defendant but cannot do so. And we reiterate that this information must be included in the affidavit when the warning order is first sought, not after the fact to bolster an otherwise insufficient diligent-inquiry affidavit. See id. at 9, 467 S.W.3d at 168 (holding that the facts showing the diligent inquiry were required to be set forth at the time the warning order was issued).
*909 Thomas argues that the affidavit in this case was defective as a matter of law because it "offered no information, evidence or averments of any efforts, diligent or otherwise, to locate and serve Mr. Thomas." He also contends that a conclusory statement that a process server has been hired and has attempted service on numerous occasions does not chin the "diligent inquiry" pole set by Rule 4. He would also have us reject the Robinsons' attempt to belatedly support the diligent-inquiry affidavit by filing the process server's proof of service on November 17 when they responded to his motion to set aside the default judgment.
Among other cases, Thomas cites Self v. Hustead , in which this court held the following affidavit to be insufficient:
1. That I have made diligent inquiry and that it is my information and belief that the Defendant Jerry Michael Self's last known address was 3203 McDonald Avenue, Springdale, Washington County, Arkansas 72762.
2. Personal service upon Defendant was unsuccessfully attempted by Carolyn Williamson, licensed process server at said address.
3. That the Clerk of this Court should forthwith issue a Warning Order directing the defendant to appear and show cause, if any, why the relief prayed for by the Plaintiffs should not be granted.
2017 Ark. App. 339, at 2, 525 S.W.3d 33, at 35. We held that the affidavit reproduced above failed because it did not establish facts that equated to a diligent inquiry; and the affidavit failed to state that a diligent inquiry led the Husteads to believe that Self's whereabouts were unknown-a conclusion that Rule 4(f) requires.
The affidavit in this case does not lack the "whereabouts unknown" conclusion, but like the Self affidavit, the Robinsons' affidavit lacks sufficient detail regarding the efforts made to locate Thomas and personally serve him legal process before attempting to constructively serve him using the warning-order method. In reaching our conclusion we have considered the parties' arguments and contrasted this case's facts with the facts in other cases in which constructive service was upheld and believe that this case falls short. E.g. , Morgan , supra (the warning-order affidavit described four failed attempts at personal service by the sheriff's department at appellants' last-known address; provided that appellee hired a private detective and learned of a possible second address of appellants; described three failed attempts at personal service by the sheriff's department at the second address; and described unsuccessful attempts to serve the complaint via certified mail, restricted delivery to addressee only, at both the first and second addresses); Bloodman v. Bank of Am., N.A. , 2016 Ark. App. 67, 482 S.W.3d 340 (affidavit for warning order provided that appellant was no longer a resident at her last-known address; that five personal-service attempts had been made at that address; that the property had continually been unoccupied; that service by certified mail had been attempted to the post office box listed by appellant, a licensed attorney, on her pleadings and with the clerk of the Arkansas Supreme Court; and that appellant's present address was unknown).
Having applied a de novo standard of review to the Rule 4(f)(1) issue presented, we hold that the diligent-inquiry affidavit the Robinsons filed to support their warning-order effort was insufficient. The affidavit failed to provide any details of the attempted service, including the address or addresses at which service was attempted, and failed to explain any further attempts *910 to locate Thomas. Because it is conclusory, the affidavit did not meet Rule 4's "diligent inquiry" requirement. Insufficient service of process can void a judgment; and a void judgment can in turn be set aside. See Wright v. Viele , 2013 Ark. App. 471, 429 S.W.3d 314 ; Ark. R. Civ. P. 55(c)(2). We therefore reverse the circuit court's order that both struck Thomas's answer and denied his motion to set aside the default judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
Abramson and Brown, JJ., agree.

Thomas has appealed pursuant to Ark. R. App. P.-Civ. 2(a)(4) (2017), which allows an appeal from an order that strikes an answer. Our supreme court has construed this rule to authorize an appeal when an answer has been struck, even if a final judgment has not yet been entered. See Arnold & Arnold v. Williams , 315 Ark. 632, 870 S.W.2d 365 (1994) (allowing an interlocutory appeal of a default judgment although no damages hearing had yet been held).