Cite as 2020 Ark. App. 34

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-177

| | |
|---|---|
| CARL LEWIS<br><br>                           APPELLANT<br><br>V.<br><br><br><br>DOROTHY JOHNSON<br><br>                            APPELLEE | **Opinion Delivered:** January 22, 2020<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION<br>[NO. 60CV-17-7572]<br><br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br>REVERSED AND REMANDED |

## RAYMOND R. ABRAMSON, Judge

On March 28, 2018, the Pulaski County Circuit Court entered a default judgment against Carl Lewis in a fraud and breach-of-contract case brought by Dorothy Johnson. On May 9, 2018, a judgment was entered that awarded Johnson $166,000 on her fraud count and $166,000 in punitive damages. Lewis, proceeding pro se, moved to set aside the default judgment. After retaining counsel, an amended motion to set aside default judgment and brief in support were filed. The circuit court held a hearing on Lewis's amended motion on November 14, 2018, and denied the motion. On appeal, Lewis contends that the circuit court erred in denying the motion, arguing that the default judgment was void because the affidavit for warning order failed to demonstrate a sufficient diligent inquiry into Lewis's whereabouts. Having conducted a de novo review, we reverse and remand the circuit court's order denying Lewis's motion to set aside the default judgment.

Johnson filed her complaint against Lewis on December 29, 2017, in which she alleged causes of action for fraud and breach of contract. Attached as exhibit 1 to her complaint is a contract between Lewis Plumbing & General Contracting, Inc., and Johnson (the contract). Lewis's form contract provided an email address of lp-gc@sbcglobal.net; a mailing address of P.O. Box 4883, Little Rock, Arkansas 72214; a telephone number of 501-664-1695; and a fax number of 501-280-0762. Also attached to the complaint were four invoices with the same contact information as the contract. Johnson's attorney sent an email on November 22, 2017, in which he made several demands of Lewis. Lewis responded to the email within a few minutes, writing, "Please proceed with your course of action. It will be better for us to have third person to adjudicate this matter. I await your response." Both emails were attached to the complaint as exhibit 6.

On February 2, 2018, Johnson filed an affidavit for warning order in which her attorney stated, "I hired Myers Attorney's Service, to make a diligent inquiry as to the whereabouts of the Defendant and I made diligent effort to locate the Defendant." Attached to the affidavit for warning order was an "Affidavit of Non-Service" from DK Johnson in which Mr. Johnson stated he received the complaint "to be served on Carl Lewis, 2717 Bishop St., Little Rock, AR 72206." In his affidavit, Mr. Johnson further stated that he failed to find Carl Lewis or any information to allow further search. The affidavit of non-service listed eight separate attempts to serve Lewis at 2717 Bishop Street, Little Rock, Arkansas 72206. The process server noted that on January 8, 2018, there were boards over the windows at the residence located at 2717 Bishop Street. On January 14, the process server indicated that he spoke with a neighbor who said she had been on the block for

fourteen years and has never seen anyone at the house except to pick up mail. The process server also noted that on January 17, another neighbor told him that the house was vacant and that Lewis and his wife just come over to get mail.

On February 6, 2018, a warning order was issued by the Pulaski County Circuit Clerk. Proof of publication of the warning order was entered on February 20. Johnson filed an affidavit of service by warning order on March 15[1] and filed her motion for default judgment four days later. On March 28, the circuit court entered an order for default judgment. A judgment awarding damages to Johnson in the amount of $166,000 on her fraud count and $166,000 in punitive damages was entered on May 9.

On August 1, 2018, Lewis, acting pro se, filed his motion to set aside default judgment and brief in support of motion to set aside default judgment. Johnson filed a response. Lewis filed a "Second Response to Motion to Set Aside Default Judgment" on August 23. On September 5, Lewis filed an "Amended Supplement to Defendant's Second Response to Motion to Set Aside Default Judgment." On September 7, Lewis filed a second "Amended Supplement to Defendant's Second Response to Motion to Set Aside Default Judgment."

After Lewis retained counsel, his attorney filed an amended motion to set aside default judgment and brief in support on October 22. Attached to Lewis's amended motion to set aside default judgment was his affidavit in which he states that he has not resided at the Bishop Street residence since 1978; that the post office box, telephone number, and

---

[1]In this affidavit, Johnson's counsel contends that diligent inquiry was made, and attempts at service included certified mail restricted delivery, process server, and warning order.

email address on the contract attached to Johnson's complaint remain valid; that he would have provided information as to his location and accepted service if he had been contacted by Johnson's counsel regarding the complaint after it was filed; and finally that the return from the United States Postal Service that reflects a signature of Carl Lewis was not his signature.

Johnson responded to Lewis's amended motion to set aside default judgment on October 26, 2018. The circuit court held a hearing on the matter on November 14. The same day, an order denying Lewis's amended motion to set aside default judgment was entered.

On appeal, Lewis argues that the circuit court committed error in not granting his amended motion to set aside default judgment because the affidavit for warning order does not demonstrate a diligent inquiry into his whereabouts.

Default judgments are governed by Rule 55 of the Arkansas Rules of Civil Procedure. Rule 55(c) sets forth the circumstances pursuant to which a court may set aside a default judgment:

> The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Ark. R. Civ. P. 55(c) (2019).

When deciding whether a default judgment should have been set aside on the basis of a jurisdictional defect, we review the circuit court's decision using a de novo standard of

4

review. *See Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004); *Self v. Hustead*, 2017 Ark. App. 339, 525 S.W.3d 33. Arkansas law requires valid service of process before a court can acquire jurisdiction over a defendant. *Morgan v. Big Creek Farms of Hickory Flat, Inc.*, 2016 Ark. App. 121, 488 S.W.3d 535. It is also well accepted that the service requirements must be strictly construed, and compliance with them must be exact. *Id.*

Rule 4(f)(1) authorizes service by warning order if it appears from the affidavit of a party or his or her attorney that "after diligent inquiry, the identity or whereabouts of a defendant remains unknown." Ark. R. Civ. P. 4(f)(1). Affidavits that do not sufficiently recite the steps taken to conduct the required "diligent inquiry" fail under Rule 4. *See XTO Energy, Inc. v. Thacker*, 2015 Ark. App. 203, 467 S.W.3d 161. In other words, the party seeking to serve legal process using the warning-order method must provide enough detail—in the required diligent-inquiry affidavit—about the steps that were taken to locate the defendant, and the details, whatever they may be from case to case, must themselves demonstrate that a party has diligently tried to locate the defendant but cannot do so. And we reiterate that this information must be included in the affidavit when the warning order is first sought, not after the fact to bolster an otherwise insufficient diligent-inquiry affidavit. *See id.* at 9, 467 S.W.3d at 168 (holding that the facts showing the diligent inquiry were required to be set forth at the time the warning order was issued).

In *Self*, 2017 Ark. App. 339, 525 S.W.3d 33, our court reversed a circuit court's denial of a motion to set aside a default judgment as void pursuant to Rule 55(c)(2) of the Arkansas Rules of Civil Procedure, holding that the plaintiffs failed to demonstrate in the warning-order affidavit that they conducted sufficient, diligent inquiry into the defendant's

5

whereabouts. We specifically noted that plaintiffs failed to use available information to locate the defendant, such as calling the defendant's cell phone. *Id*. Such is the case here.

In *Scott v. Wolfe*, 2011 Ark. App. 438, 384 S.W.3d 609, we held that a default judgment was void where the warning-order affidavit did not demonstrate that the plaintiff made diligent inquiry into the defendant's whereabouts. In that case, the plaintiff's attorney had a process server attempt service on the defendants. *Id*. According to the attorney's affidavit, the process server was unable to locate and serve the defendants. *Id*. The affidavit further provided that plaintiff's attorney attempted to mail a file-marked copy of the summons and complaint by certified mail, return receipt requested to the last known address of 2210 Traskwood, Malvern, Arkansas 72104, and the envelope was returned marked "Return to Sender, No Such Number" by the United States Postal Service. *Id*.

The *Scott* court explained, "A mere recitation in an affidavit that diligent inquiry was made is not sufficient." *Id*. at 7, 384 S.W.3d at 613. The court further noted that the plaintiff obviously knew the defendant's whereabouts because the complaint alleged that he went to the defendant's residence. *Id*.

In the instant case, the affidavit for warning order merely states, "I hired Myers Attorney's Service, to make diligent inquiry as to the whereabouts of the Defendant and I have made a diligent effort to locate the Defendant." The affidavit for warning order then states that an affidavit of non-service from Myers Attorney's Service, attached to the affidavit for warning order as an exhibit, outlines the process server's attempts to locate Lewis. As set forth in detail above, the affidavit of non-service establishes that the process server went to 2717 Bishop Street, Little Rock, Arkansas, to attempt service. The process server noted

boards over the windows at the residence, that someone who claimed to live on the street for fourteen years had never seen anyone at the house except to pick up mail, and another neighbor told the process server that the house was vacant.

Lewis argues that most telling in this case is what the affidavit for warning order does not say. Johnson's attorney does not set out any actions taken by him personally to determine the whereabouts of Lewis with the exception of hiring a process server and giving him an address where Lewis has not resided in forty years. In his affidavit attached to the brief in support of amended motion to set aside default judgment, Lewis states that he has not resided at the Bishop Street address since 1978.

Despite having an email address for Lewis from which Lewis had recently emailed Johnson's attorney, Johnson's counsel did not attempt to email Lewis to determine a good address or a place where Lewis could be served. Despite having Lewis's telephone number and fax number, Johnson's attorney did not attempt to telephone or fax Lewis to obtain a good address or a place where Lewis could be served. As Lewis points out, his email to Johnson's attorney on November 22, 2017, states that Lewis awaits Johnson's response. No response was ever made to inform Lewis that a lawsuit had been filed. While a response is not required, we do agree with Lewis that the affidavit for warning order in the instant case falls short of demonstrating a sufficient diligent inquiry.

The affidavit for warning order only makes the conclusory statement that diligent inquiry was made and that Lewis could not be located. In fact, as Lewis argues, the affidavit of non-service attached to the affidavit for warning order demonstrated that further inquiry should be made because the address provided by Johnson clearly had been vacated. Johnson

had a good email address, phone number, fax number, and post office box where Lewis could be reached. However, Johnson never attempted to contact Lewis via telephone, email, fax, or mail prior to filing the affidavit for warning order.

Therefore, we hold that the default judgment is void due to insufficient service of process since the affidavit for warning order does not meet the requirements of Rule 4(f) of the Arkansas Rules of Civil Procedure. Under these circumstances, we cannot say that diligent inquiry was made as to Lewis's whereabouts. Accordingly, we reverse and remand.

Reversed and remanded.

GRUBER, C.J., and MURPHY, J., agree.

*Dover Dixon Horne PLLC*, by: *Monte Estes* and *Carl F. "Trey" Cooper III*, for appellant.

*The Brad Hendricks Law Firm*, by: *Lloyd W. Kitchens*, for appellee.