Cite as 2024 Ark. App. 585

# ARKANSAS COURT OF APPEALS
## DIVISION II
#### No. CV-23-132

| | |
|---|---|
| TERESA BLOODMAN<br><br>APPELLANT<br><br>V.<br><br><br>BILL FITTS AUTO SALES, INC.<br>APPELLEE | Opinion Delivered November 20, 2024<br><br>APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[NO. 63CV-22-1190]<br><br>HONORABLE JOSH FARMER, JUDGE<br><br>REVERSED AND REMANDED |

**MIKE MURPHY, Judge**

This is a one-brief appeal. Appellant Teresa Bloodman ("Bloodman") appeals the orders of the Saline County Circuit Court dismissing her appeal from district court and denying her motion to vacate certain writs of garnishment obtained by appellee Bill Fitts Auto Sales, Inc. (Bill Fitts Auto), against her. Bloodman makes several arguments on appeal, but because we agree with her point that she was not served with the summons and complaint from district court under Arkansas Rule of Civil Procedure 4, we reverse and remand the circuit court's orders.

On September 12, 2015, Bloodman purchased a car from Bill Fitts Auto. At some point, according to the complaint, Bloodman stopped making payments on the car loan. Bill Fitts Auto filed its complaint in district court on July 5, 2016, meaning the alleged missed payments were before that date.

The record from district court is sparse. Most notably, it does not show that Bill Fitts Auto ever filed a proof of service. The certified docket sheet shows that on October 27, 2017, a document titled "Fourth Order Requesting an Extension" was filed, but there are no earlier docket entries in the record showing that Bill Fitts Auto requested an extension for serving Bloodman, and the document matching that description does not appear in the record. There is also no evidence in the record that Bill Fitts Auto requested or received any extensions of time to serve Bloodman before October 27, 2017.

On April 5, 2018, Bill Fitts Auto filed an amended complaint stating that the vehicle subject to the loan had been repossessed and sold. Bill Fitts Auto alleged there was a $14,891.82 shortfall in the sale and that it was owed $5,200 in attorneys' fees. Bloodman never answered either complaint. On July 16, Bill Fitts Auto filed an affidavit stating that it had published a warning order and mailed the warning order and complaint to Bloodman more than forty-five days before filing its affidavit. The record does not contain any information showing what efforts, if any, Bill Fitts Auto made to effectuate personal service on Bloodman.

On September 5, the district court granted a motion for summary judgment in favor of Bill Fitts Auto and awarded $14,891.82 for the alleged unpaid car loan plus prejudgment and postjudgment interest, costs, and attorneys' fees. To this point, Bloodman had never responded to any motion for summary judgment or filed any pleading or document in the district court.

Bill Fitts Auto served a writ of garnishment on Consilio Services, LLC, on April 25, 2022, and served another writ of garnishment on Bank of America on July 21.

Bloodman made her first filings in this case on August 10. On that day, she filed four separate ex parte motions: one to quash the writs of garnishment and three to vacate the September 5 judgment, all advancing different arguments. Most relevant to this appeal, Bloodman argued in her third motion to vacate that she had never been served with the complaint or amended complaint. The district court denied all four motions on August 29.

Bloodman timely appealed to the Saline County Circuit Court by filing a notice of appeal, the appealed-from order, and a certified docket sheet of the district court proceedings. On November 2, the circuit court dismissed Bloodman's appeal due to lack of jurisdiction, finding that the notice of appeal was untimely. Although the circuit court does not elaborate on why the notice of appeal was untimely, in its response to the notice of appeal, Bill Fitts Auto argued that Bloodman was attempting to appeal the grant of summary judgment from 2018, and the notice of appeal should have been filed within thirty days of that date. The circuit court also entered an order granting Bloodman's motion to dismiss the writs of garnishment. That ruling was contradictory to the dismissal, and the circuit court later corrected its order and denied Bloodman's motion to vacate the writs of garnishment. During Bloodman's appeal to the circuit court, Bill Fitts Auto never contested the accuracy of the certified copy of the district court docket and never filed any document or evidence that would show it requested and received extensions of time to serve Bloodman.

When determining whether a judgment should be set aside due to a jurisdictional defect, this court reviews a circuit court's decision de novo. *Lewis v. Johnson*, 2020 Ark. App. 34, at 5, 594 S.W.3d 104, 107.

The circuit court dismissed Bloodman's appeal, stating it was untimely. It was not. District Court Rule 9 governs appeals from district court to circuit court and gives thirty days for a party to appeal to the circuit court by filing a certified copy of the district court docket sheet with the circuit court. Bloodman did that. She filed her notice of appeal, which included a certified copy of the district court docket sheet, in the circuit court within thirty days after the district court entered its order denying her motions to vacate. The circuit court erred in dismissing the appeal.

The circuit court also entered an order denying Bloodman's motion to vacate the writs of garnishment. However, the judgment underlying the writs of garnishment is void because Bill Fitts Auto failed to timely serve the summons and complaint. The circuit court, therefore, erred in denying Bloodman's motion to vacate.

Service of process is governed by Arkansas Rule of Civil Procedure 4. Under Rule 4(i)(1), service of process must be made within 120 days of filing the complaint or else the action shall be dismissed. Rule 4(i)(2) allows the time period for service to be extended upon a showing of good cause. "If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory." *Henyan v. Peek*, 359 Ark. 486, 492, 199 S.W.3d 51, 54 (2004).

As detailed above, Bill Fitts Auto never filed a proof of service. The complaint was filed on July 5, 2016. Therefore, Bill Fitts Auto had until November 2, 2016, to serve Bloodman or move for an extension. The certified docket sheet does not show any motion for extension until October 27, 2017, at the earliest—almost a year after the service period under Rule 4 had expired. There is no evidence in the record that Bill Fitts Auto sought and received any extension prior to November 2, 2016.

Bill Fitts Auto did attempt to serve Bloodman by publishing a warning order. Rule 4(g)(3) governs service by warning order. That subdivision of the rule does not extend the 120-day service period when a party chooses to attempt service in this manner. Bill Fitts Auto filed an affidavit on July 16, 2018, stating that it had published a warning order for at least 45 days and also that it had mailed the warning order and complaint to Bloodman. July 16, 2018, is far more than 120 days after Bill Fitts Auto had filed its complaint. Because Bill Fitts Auto did not effectuate personal service or service by warning order within the time established by Rule 4, the district court never had jurisdiction over Bloodman. *Raymond v. Raymond*, 343 Ark. 480, 484, 36 S.W.3d 733, 735 (2001). Because the district court never had jurisdiction over Bloodman, the judgment is void. *McCue v. Dominguez*, 2022 Ark. App. 332, at 14, 653 S.W.3d 372, 380.

A writ of garnishment is ineffective when the issuing court did not have jurisdiction. *See Hervey v. Farms, Inc.*, 252 Ark. 881, 481 S.W.2d 348 (1972). Further, "The effect of a void judgment must be to return the relevant parties to the position they were in before its entry because '[v]oid judgments have no legal effect. They are worthless; no rights can be obtained

5

from them and all proceedings founded upon them are equally worthless.'" *Sutton v. Pickett*, 2021 Ark. App. 452, at 9, 638 S.W.3d 313, 319 (quoting *Davis v. Office of Child Support Enf't*, 322 Ark. 352, 357, 908 S.W.2d 649, 652 (1995)). Because the underlying judgment is void, the writs of garnishment are "worthless." The circuit court erred in denying Bloodman's request to vacate the writs of garnishment.

For these reasons, we reverse and remand the circuit court's orders.

Reversed and remanded.

HARRISON, C.J., and BROWN, J., agree.

*Teresa Bloodman*, pro se appellant.

One brief only.