Cite as 2026 Ark. App. 296

# ARKANSAS COURT OF APPEALS
## DIVISION I
No. CV-25-402

| | |
|---|---|
| FREDONDRIA SHACK<br><br>APPELLANT<br><br>V.<br><br>CROWN ASSET MANAGEMENT, LLC<br>APPELLEE | Opinion Delivered May 13, 2026<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-24-10354]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>REVERSED AND REMANDED |

## ROBERT J. GLADWIN, Judge

This is an appeal from the Pulaski County Circuit Court's default judgment entered in favor of appellee Crown Asset Management, LLC, against the appellant Fredondria Shack. Shack argues on appeal that the default judgment is void for insufficient service of process because the affidavit of service failed to set forth that the process server announced his purpose before leaving the summons and complaint on her door. We agree and reverse and remand for the default judgment to be vacated.

### I. *Background Facts*

On November 19, 2024, the appellee filed a complaint against Shack for breaching a consumer loan contract. Subsequently, on January 29, 2025, the appellee filed a proof of service that stated Shack was served via a process server pursuant to Arkansas Rule of Civil

Procedure 4(f)(1)(A). The proof of service checked the box with the preprinted language stating, "After making my purpose to deliver the summons and complaint clear, . . . I left the summons and complaint in the close proximity of the defendant." The process server's factual description of service stated as follows:

> Walked up to the door, looked in the window, a little African American boy about 7 or 8 was setting on the couch. I knocked on the door. He calls for his mother. She doesn't come. He calls for her again she comes to the living room and peaks around the corner and called for him to come back to that part of the house. Refuses to answer door. I posted the paperwork and left a message on her ring doorbell that I saw her and she had been served. That I had left the paperwork on her door.

The appellee filed its motion for a default judgment on March 5, 2025, asserting that Shack failed to file an answer to the complaint despite service. Shack timely opposed the motion, arguing that service of process was invalid under Rule 4(1)(f)(A) of the Arkansas Rules of Civil Procedure. Specifically, Shack maintained that the proof of service (1) failed to show that the process server made his or her purpose clear before allegedly leaving the documents and (2) failed to show that she refused to accept service of process. Based upon the pleadings, the circuit court entered the default judgment against Shack on May 31, 2025. Shack filed a timely notice of appeal; this appeal followed.

II. *Standard of Review*

When deciding whether a default judgment should have been set aside on the basis of a jurisdictional defect, we review the circuit court's decision using a de novo standard of review. *See Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004); *Self v. Hustead*, 2017 Ark. App. 339, 525 S.W.3d 33. Arkansas law requires valid service of process before a court

2

can acquire jurisdiction over a defendant. *Morgan v. Big Creek Farms of Hickory Flat, Inc.*, 2016 Ark. App. 121, 488 S.W.3d 535.

## III. *Discussion*

Shack argues that the default judgment entered by the circuit court is void because the process server failed to comply with Rule 4(f)(1)(A). We agree.

Arkansas Rule of Civil Procedure 4(f)(1)(A) allows personal service by delivering the summons and complaint to the defendant; if the defendant refuses to receive them after the process server makes his or her purpose clear, the server may leave the papers in close proximity to the defendant. Our case law is well settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and that compliance with them must be exact. *Brennan v. Wadlow*, 372 Ark. 50, 270 S.W.3d 831 (2008). The strict-compliance standard remains in default situations. *Ligon v. Bloodman*, 2021 Ark. 124. Despite the amendment of Arkansas Rule Civil Procedure 55 to echo its federal counterpart, getting a default judgment set aside in Arkansas remains notoriously difficult. *E.g.*, *McGraw v. Jones*, 367 Ark. 138, 238 S.W.3d 15 (2006). Thus, insistence on strict compliance is a helpful shield in the default situation. *Ligon*, *supra*.

Here, the circuit court did not hold a hearing before entering the default judgment. Furthermore, the circuit court made no factual findings other than stating that service was proper. Therefore, to determine whether service strictly complied with Rule 4(f)(1)(A), we must look to the proof of service. Our case law makes clear that sequence matters in determining whether service complied with Rule 4(f)(1)(A)—the announcement must come

3

first to trigger the refusal provision. In *Valley v. Bogard*, our supreme court held that the process server's testimony that he announced his purpose and then left the papers at the defendant's house after refusal complied with the rule.[1] 342 Ark. 336, 28 S.W.3d 269 (2000). Additionally, the process server testified in *Valley* that "he went to [defendant's] house to serve him with process, saw [defendant's] truck in his driveway, knocked on his door, received no answer, went to a side window, saw [defendant] inside, made eye contact with him, announced that he had papers for [defendant], saw [defendant] fall to his knees and crawl to the back of the house, and stuck the process papers through the front door." *Id.* at 341, 28 S.W.3d at 271.

In contrast, our supreme court held in *Ligon*, *supra*, that the process server did not trigger Rule 4(f)(1)(A)'s option to leave the papers in close proximity to the defendant when the record failed to support that the defendant refused process after the server made his purpose clear. In *Ligon*, the process server entered a room where a deposition was being taken and placed the summons and petition for contempt on the table in the vicinity of the defendant. The supreme court held that the record failed to support strict compliance; the court also analyzed the facts under the substantial-compliance standard—since it was not a default situation—and held that service failed to substantially comply with Rule 4(f)(1)(A). *Id.*

---

[1]The rule was revised in 2019 to spell out the "so-called 'refusal service' in more detail," as explained in Ark. R. Civ. P. 4 reporter's notes, form of service, 2019 amend.

We find *Ligon* more analogous to the record before us. The "refusal" service rule is clear that (1) the process server must make his or her purpose clear; (2) the defendant must refuse to receive process; and (3) the process server must then leave the papers in close proximity to the defendant. Considering the information we have in the record, the process server failed to satisfy even the first step. While a woman refused to answer the door, there is no clear indication in the record that Shack was indeed the woman the process server saw through the window. Furthermore, even if the woman inside was Shack, it is unclear whether she knew who was at the door because the process server did not make any statements at that point. Finally, the message the process server directed through the ring doorbell stating that Shack had been served came only after the server posted the papers at the residence. Accordingly, we agree with Shack's position that the process server did not trigger Rule 4(f)(1)(A)'s option to leave the papers in close proximity to the appellant. To that end, the appellee failed to comply with the service-of-process rules.

IV. *Conclusion*

For the reasons set forth above, we reverse and remand with instructions for the circuit court to vacate the default judgment.

Reversed and remanded.

KLAPPENBACH, C.J., and HIXSON, J., agree.

*Corey D. McGaha PLLC*, by: *Corey D. McGaha*, for appellant.

*Blitt & Gaines, P.C.*, by: *Ronald C. Miller*, for appellee.

5